Battle, J.
 

 It is how, and has been for a long time well settled, both in England and in this country, that the primary fund for the payment of the debts of a testator is the personal effects, of which he has made no disposition in his will, and that this rule is not varied by the fact, that he has expressly directed other property, real and personal, to be sold and applied to the payment of his debts;
 
 Roberts
 
 v.
 
 Wortham,
 
 2 Dev. Eq. 173;
 
 Palmer
 
 v.
 
 Armstrong,
 
 Ibid. 268;
 
 Dickens
 
 v.
 
 Cotton,
 
 2 Dev. and Bat. Eq. 272;
 
 Graham
 
 v.
 
 Little, 5
 
 Ire. Eq. 407;
 
 Kirkpatrick
 
 v.
 
 Rogers,
 
 7 Ire. Eq. 44. This is admitted by the counsel on both sides, but the counsel for the plaintiffs, contends that the testator has the right to appropriate what part of his estate he pleases to the payment of his debts, to the entire exoneration of every other part, and that he has, in the case now before us, set apart for that purpose, the property which he lias directed to be sold by the second clause of his will, and that, consequently, the proceeds of the crop of rice, of which he has made no disposition, must be equally divided amongst his next of ldn. It is not denied that a testator may, if he choose, exempt an undisposed of residue from the payment of his debts, by throwing that burden upon other property specifically devised and bequeathed for that purpose, but in order to do this, his intention must be very clearly manifested by the terms which he uses. A testator very rarely intends to die intestate as to any part of his estate, and a devise or bequest for the payment of debts, is,
 
 *300
 
 in most cases, as consistent with the idea that it was intended to be in aid of the residuum undisposed of, as in exoneration of it. In the case of
 
 Palmer
 
 v.
 
 Armstrong,
 
 to which reference has been made, the Court say, that “ charging a particular debt on a legacy, specific or general, will attach it to that legacy in the same manner as if it be expressly given, minus so much. But these words, ‘after payment of debts,’ generally, do not mean, that this legacy, and
 
 this alone,
 
 should answer creditors. It so means as against other legatees; but not as against other personalty not disposed of. The testator intended to provide for his legatees and not for his next of kin ; and the latter can claim only upon the score of intestacy, in which case, the debts must be paid before a distribution, unless the testator has expressly ordered otherwise.”
 

 These remarks are directly applicable to the present case, and are decisive of it. The direction given by the testatoi’, that the proceeds of the sale of his Brunswick plantation, and of the articles of personal property, mentioned in the second clause, should be “ applied first to the payment of his debts,” and then to be disposed of to certain legatees, has precisely the same signification as if he had said, that they should be so disposed of “ after the payment of his debts.” In neither form of expression is the idea involved that personal chattels* not bequeathed to any person should be exonerated from their appropriate burden of paying debts, while each form of words manifests clearly the intention, that all the other legatees should be exonerated from that burden. Our opinion is, that the decree rendered in the Court below, in accordance with the principles herein declared, is correct, and must be affirmed. Upon the question, whether interest is to be allowed upon the general pecuniary legacies to the grand-children from the death of the testator, our opinion is that, as it is not shown that he stood towards them in the relation of parent, the general rule applies, and interest is pajmble only from the end of one year after the death of the testator. See
 
 Harrell
 
 v.
 
 Davenport,
 
 decided at the last term, and reported
 
 ante
 
 4.
 

 Per Curiam, Deci’ee below affirmed.