HENRY HART, Executor, and another, v. JOSEPH WILLIAMS.

*Will--Pecuniary Legacy--Interest on.*

1. Where a testator bequeathed $250 to A and the rest of his estate to B ; *Held*, that such legacy is a charge upon the estate after the payment of debts.

2. The rule is, that pecuniary legacies bear interest from one year after the death of the testator ; but where they appear to be given for the support and maintenance of the legatee, they bear interest from the death of the testator.

(*Swann* v. *Swann*, 5 Jones Eq. 297 ; *McWilliams* v. *Faulcon*, 6 Jones Eq. 235, cited and approved.)

SPECIAL PROCEEDING commenced in the Probate Court of YADKIN, and heard at Chambers on the 18th of December, 1876, before *Cloud J.*

The plaintiffs are Henry Hart, executor, and Alfred Williams, a legatee of Nicholas L. Williams, who died in 1866, leaving a last will and testament as follows :

" 1. I will my estate both real and personal, except as hereinafter mentioned, to Henry Hart and his heirs, in special trust and confidence that he keep, hold, use and apply the same to the sole and special use and benefit of my mother, Mary G. Williams, for and during her natural life ; and at her death, to be equally divided between my father, N. L. Williams, Senior, and my brothers, Joseph Williams and Lewis J. Williams, free and discharged of all the above trust.

2. I will that my executor pay to Alfred Williams, freedman, formerly the property of N. L. Williams, Sr., $250. This bequest is given to Alfred for his fidelity, and his kind and benevolent attention to me."

A controversy having arisen as to the proper construction of the will, it was referred to John A. Gilmer, Esq., who

found, in substance, that the land had been sold by the ex-
ecutor, subject to the life estate of Mary G. Williams, for
assets to pay debts of testator; that defendant became the
purchaser at $2,061, and executed a note for the amount,
and that he has paid the same in cash, and by the extin-
guishment of debts of testator, except about $600. The
personal estate amounting to $500, and the rents of the land,
by consent of the tenant for life, were also applied to the
payment of debts. The defendant is the assignee of the life
estate of Mary G. Williams, and agreed to pay the outstand-
ing debts of the testator, except the legacy to Alfred Wil-
liams—insisting that his right as assignee aforesaid to retain
any balance of rents, &c., after payment of debts, was prior
to the right of the legatee. And for Alfred Williams it was
insisted, that the legacy was a charge upon the whole trust
fund, and that the defendant's right to retain any such bal-
ance was postponed until the legacy was paid.

The Referee decided in favor of Alfred Williams, the
Probate Judge reversed the decision, and, on appeal, His
Honor reversed the decision of the Probate Judge and sus-
tained the Referee. Judgment. Appeal by defendant.

Messrs. *Alspaugh & Buxton* and *J. M. McCorkle,* for plain-
tiffs.
Messrs. *Watson & Glenn,* for defendant.

BYNUM J. 1. By reading the second clause of the will as
the first, the meaning of the testator more plainly appears,
though it is apparent as it now stands. Taking the second
clause first, the substance and effect of the will is; " I will
that my executor pay to Alfred Williams, freedman, two
hundred and fifty dollars. I will the rest of my estate both
real and personal to Henry Hart, &c."

Taking the will as it is written, the sum of two hundred
and fifty dollars directed to be paid to Alfred Williams, is

expressly excepted from the operation of the devise and bequest to Henry Hart in trust for the widow for life and remainder over. After the payment of the debts of the testator, this legacy to Alfred is to be first paid, and is the first charge upon the estate, real and personal, devised and bequeathed to Hart in trust.

2. The rule is that pecuniary legacies bear interest from one year after the death of the testator. Where they appear to be given for the support and maintenance of the legatee, they bear interest from the death of the testator. *Swann* v. *Swann*, 5 Jones Eq. 297 ; *McWilliams* v. *Faulcon*, 6 Jones Eq. 235.

No error.

PER CURIAM.                    Judgment affirmed.