THOMAS P. DEVEREUX, Trustee, v. JOHN DEVEREUX, Executor, and others.

*Will—Construction of—Charge Upon Real Estate.*

1. A testatrix by her will bequeathed to her niece R for her life the annual interest upon $4,000, and gave to D one acre of land and certain small articles of personal property, and then gave the whole of her estate "subject to the devises and bequests herein otherwise made" to her brother J in fee in case he should be solvent at the time of her death, and if not, then to him in trust, &c., stating that "this provision includes the whole of my estate of every character both real, personal and mixed." Afterwards the testatrix made a codicil to the will, by which she gave the $4,000 to R absolutely, and also gave certain other pecuniary legacies to her three sisters. Thereafter she made another codicil, "not wishing my real estate to be in any manner liable for the debts of my brother J, &c., I devise to my nephew T all my land and other real estate in trust for his mother during the life of J, and then to him (T) and his heirs male in fee simple," &c. The personal estate of the testatrix, although at her death nominally ample to pay off the pecuniary legacies mentioned in the first codicil, proved to be insufficient for that purpose; *Held*, that the pecuniary legacies mentioned in the first codicil are a charge upon the real estate devised to T.

2. The legal effect of the words in the will "subject to the devises and bequests herein otherwise made" is the same as if those devises and bequests had been directed to be taken out of the estate and the residue given to J.

3. The testatrix, by enlarging her bounty to R in the first codicil, did not intend to withdraw or impair the security provided for its payment; and the additional legacies are within the words of the will and protected equally with the annuity to R and the legacy afterwards substituted for it. And the second codicil was not made to disturb the relations previously existing between the different objects of the testatrix's bounty, or the value of their respective interests under the will.

(*Bray* v. *Lamb*, 2 Dev. Eq. 372; *Biddle* v. *Carraway*, 6 Jones Eq. 95; *Aston* v. *Galloway*, 3 Ire. Eq. 126, cited and approved.)

CIVIL ACTION for the Construction of a Will tried at June

Special Term, 1877, of WAKE Superior Court, before *Bux-ton, J.*

Catherine A. Edmonston died in the month of January, 1875, leaving a will in which she disposed of her estate, real and personal, as follows:—

In the second clause of her will she bequeathed to her niece, Rachel Jones, during her life, " the annual interest on $4000 to be paid her annually by my (her) trustee and executor hereinafter named."

In the next clause she devised to one Richardson and his wife Dolly, persons of color, one acre of land to be taken from the tract whereon she then resided, under certain limitations, and bequeathed to them also some small articles of personal property.

The 4th clause of the will is in these words; " I give, devise and bequeath the whole of my estate, subject to the devises and bequests herein otherwise made, inclusive of such rights as I have under the will of my grandfather, the late Nicholas Bayard of the City of New York, and five thousand dollars insurance money on my life to my brother Major John Devereux of Raleigh, and his heirs, executors and administrators, absolutely and in fee simple, if he shall not be insolvent at the time of my death, but if misfortune shall befall him so that he shall have become insolvent at that time, then to the said John Devereux to be used by him according to his best judgment and discretion for the benefit of his wife and children, and their heirs, executors and administrators, and the same shall not in any event be or become liable for any debt of the said John Devereux. This provision includes the whole of my estate of every character, both real and personal and mixed."

In the last clause the testatrix directs her executor to carry out some dispositions of personal property made in a memorandum left among her papers. The will bears date of October 11th, 1874. On the 4th day of December fol-

lowing, she made a first codicil to her will in these words ;

1. " I give the $4000 mentioned in my will to Rachel Jones absolutely, and revoke the clause giving her the annuity therein specified.

2. I give to my sister Francis J. D. Miller the sum of one thousand dollars, to my sister Mrs. E. P. Jones the sum of one thousand dollars, and to my sister Mrs. Nora Cannon, one thousand dollars."

'On December the 17th of the same year she executed a second codicil as follows ;

" I make the following addition to my will as a second codicil thereto. Not wishing my real estate to be in any manner liable for the debts of my brother John Devereux, and to avoid the possibility of such an event, I devise to my nephew, Thomas P. Devereux, all my lands and other real estate in trust for his mother during the life of his father, and then to remain to him and his heirs male in fee simple ; but if he shall die without having any issue of his body, then I devise said lands and other real estate to my nephew John Devereux and his heirs."

At the time of the death of the testatrix, it appears she was possessed of a personal estate including the sum insured on her life nominally ample to pay off the pecuniary legacies mentioned in the first codicil. But by reason of the inability of the executor to collect more than one half of the insurance money, and the depreciation in value of other funds which came to his hands, the personal estate proves insufficient to pay the seven thousand dollars given in the codicil to the niece and sisters, and leaves a large sum due to them which they claim to be charged upon the land, and if necessary to be raised by a sale of it.

His Honor affirmed the ruling of the Referee to whom the case had been referred, and gave judgment in accordance with his report, to wit; that the pecuniary legacies were not a charge upon the real estate devised to the plaintiff. From this judgment the defendants appealed.

DEVEREUX v. DEVEREUX.

*Messrs. J. W. Hinsdale* and *R. C. Badger*, for plaintiff.
*Mr. D. M. Carter*, for defendants.

SMITH, C. J. (After stating the facts as above.) It thus becomes our duty to put a proper construction upon the words used in the will, and to ascertain and declare their true meaning and effect. The testatrix gives her entire estate " real, personal and mixed," without discriminating as to its different kinds, to her brother John Devereux for his own use, unless he should be insolvent, and in such event to be held in trust "for the benefit of his wife and children," and appropriates no special fund to the payment of the legacy to her niece, Rachel Jones. Instead of this she charges the estate devised and bequeathed to John Devereux with the payment of the legacy, by declaring it to be "sub- ject to the devises and bequests herein otherwise made." The legal effect of these provisions is the same as if those other devises and bequests had been directed to be taken out of the estate and the residue given to John Devereux.

In support of this construction, it is only necessary to refer to some adjudicated cases in our own reports. A legacy given " to be paid out of the testator's estate" is by those words charged upon the land which passes by the will. *Bray* v. *Lamb*, 2 Dev. Eq. 372 ; *Biddle* v. *Carraway*, 6 Jones Eq. 95.

So a devise of land to one, he paying to each of two per- sons a certain sum of money as they respectively arrive at 21 years of age, is charged with the pecuniary legacies. *Aston* v. *Galloway*, 3 Ire. Eq. 126.

2. Admitting this to be the legal operation of the will as first made, our next inquiry is as to the effect of the codicils upon their testamentary dispositions.

The first codicil substitutes in place of the annuity before given, a bequest of the principal sum, the interest of which was the measure of value of the annuity, and gives also to

each one of the three sisters of the testatrix a legacy of one thousand dollars. It is evident she did not intend by thus enlarging her bounty to this legatee, to withdraw or impair the security already provided for its payment, or in any manner injurious to her to change its relation towards the general estate. We are not without authority to sustain this conclusion.

In the case already cited (*Biddle* v. *Carraway*) the testator had in his original will charged his estate with the payment of a legacy of $1500 to his wife, and by his codicil reduced the sum to $750. It was claimed that the codicil revoked the force of the expression contained in the will. The Court declared that no such result followed, and that the testator's intention manifestly was only to lessen the *amount of the legacy*, and quotes with approbation the following language in regard to the effect of a codicil from Jarman on Wills:— "It is an established rule not to disturb the dispositions of the will further than is absolutely necessary for the purpose of giving effect to the codicil."

If a codicil diminishing the amount or value of a legacy merely is not allowed to annul or impair the security by which it is protected, still less can a codicil increasing the legacy and indicating a more liberal disposition towards the legatee, have such effect.

3. We think the additional legacies to the sisters are also a charge upon the estate, and for these reasons;—

(1.) There is no fund out of which they can be paid except that devised to John Devereux, and unless it is charged, those legacies are negative.

(2.) They are placed upon the same footing with the legacy to the niece and it must be assumed are to be paid in the same way.

Associating the original will and codicil together and considering them as a single script, the additional legacies are within the words of the will and protected equally with the annuity and the legacy afterwards substituted for it.

It was argued before us with great earnestness, that the 2nd codicil, in separating the personal from the real estate and changing, the disposition of the latter, indicates the purpose of the testatrix to release the land from the burden of the legacies and charge the personal estate only with their payment. This intent it is said appears from the fact that the testatrix supposed her personal estate amply sufficient for that end. In this we do not concur. It is obvious that the last codicil was not made to disturb the relations previously existing between the different objects of the testatrix's bounty, or the value of their respective interests under the will. Its purpose solely is to provide new channels through which the devised lands shall pass, so as to prevent them from being disposed of or used for the payment of the debts of John Devereux, and to secure the full benefits of the devise to his wife and children. This is the only change the codicil undertakes to make, leaving in force all her other testamentary provisions.

It may be true, perhaps it is true, that the testatrix thought her personal property was ample to meet the requirements of the pecuniary legacies, but this error of hers cannot affect the legal import and effect of the words she employs to convey her interest. She has in clear and unambiguous terms subjected her whole estate to the legacies, and we cannot exempt any part of it from an obligation she sees proper to impose. Our office is to arrive at the meaning of the testatrix by putting a fair and just interpretation upon her words, and to declare the legal construction and effect of her will as she has made it.

It may be suggested however as difficult to assign a satisfactory reason for charging the entire estate with the payment of an inconsiderable annuity, and exonerating a large part of it from the payment of the legacies, greatly increased in amount as given in the codicil, upon the supposition that

the testatrix did so under the belief that her personal estate was ample to meet the demands of all.

We therefore declare, that the land is chargeable with the payment of so much of the legacies as shall be due after applying the personal estate thereto.

There is error and the judgment below is reversed. Judgment will be rendered here in conformity to this opinion.

Error.

PER CURIAM.                          Judgment reversed.