SALLIE G. WORTH v. JOHN L. WORTH, Admr. of JOB WORTH, et al.

## *Legacy— Will, Construction of.*

1. In the construction of wills the intention of the testator is to be ascertained from the document itself in the light of surrounding circumstances, and no evidence, *dehors*, of his intention is competent.

2. A bequest of a pecuniary legacy "out of the estate," or "to be paid," or "to be raised out of my estate," is a charge first upon the personal, and after its exhaustion, upon the real estate of the testator, unless it can be seen from the context, or other parts of the will, that these terms were used in a more restricted sense, and including only the personal estate.

3. The testator having in the first clause of his will, given a pecuniary legacy to his wife to be paid to her in cash or bonds at her option out "of my estate," and in subsequent clauses made specific devises of the greater part of his "*real* estate," but in disposing of his personal property used the terms "my estate." *Held,* that the real estate specifically devised was not chargable with the payment of the pecuniary legacy to the wife.

(*Bray* v. *Lamb,* 2 Dev. Eq., 372; *Biddle* v. *Carraway,* 6 Jones Eq., 90; *Hoyt* v. *Williams,* 77 N. C., 426; *Devereux* v. *Devereux,* 78 N. C., 386; *Brawley* v. *Collins,* 88 N. C., 605; *Page* v. *Foust,* 89 N. C., 447, cited and approved).

CIVIL ACTION, tried before *MacRae, Judge,* at Fall Term, 1886, of SURRY Superior Court.

Job Worth died in 1875, having executed a will in due form to pass his estate, which was duly proved, and the executors therein named having renounced, letters of administration with the will annexed issued to the defendant, John L. Worth.

The will is in form as follows:

I, Job Worth, of the county of Surry, in the State of North Carolina, being of sound mind and disposing memory, do make and ordain the following as my last will and testament, viz.:

I give and bequeath to my beloved wife, Sally, the sum of eighteen hundred dollars, to be paid to her in cash or in cash bonds, at her option, out of my estate. At our marriage, she, my wife, was possessed of some estate, which I have never reduced to possession, and to which I lay no claim whatever, but if it should be adjudged or decreed that I have any interest whatever therein, I hereby will, bequeath and devise the same

to her forever in addition to the eighteen hundred dollars above mentioned, the whole of both sums to be her absolute property forever. I furthermore will, devise and bequeath to her forever, my household and kitchen furniture, to be her absolute property. Furthermore, I will, devise and bequeath to her one-third part of all my real estate for and during her natural life.

I will, devise and bequeath to my daughter, Phœbe B. Davis, wife of B. F. Davis, and to my son, David W. Worth, the other two-thirds of all my real estate, to be theirs absolutely and forever, and at the death of my beloved wife, I will, devise and bequeath to my daughter, Phœbe B. Davis, and my son, D. W. Worth, the land herein willed to my wife.

I further direct and require that after my estate shall be settled, then any and all portions of the same shall be equally divided between my beloved wife, Sally, my daughter, Phœbe B. Davis, and my son, D. W. Worth, share and share alike, D. W. Worth first accounting to my estate for the sum of one thousand dollars which he has received in excess of the other children, by way of advancements.

Lastly, I hereby appoint and constitute my son-in-law, B. F. Davis, and my brother-in-law, W. R. Hollinsworth, my executors to this my last will and testament.

The testator owned at his decease considerable real estate lying in Surry county, and much personal estate, consisting of farm stock, agricultural implements, household and kitchen furniture, and of accounts, notes and bonds.

Since the institution of this action, an account of the administration has been taken, and it appears therefrom that the entire personal estate has been expended in payment of debts, except the household and kitchen furniture which have been delivered to the plaintiff Sally, under the first clause of the will. There is nothing left in the hands of the administrator with which to pay the $1,800, legacy, unless the real estate is chargeable therewith, and it must be sold to raise a fund for the purpose.

The present action was commenced on the 24th day of October, 1881, against the administrator and the other defendants, legatees and devisees, for an account of the personal estate, and, if found insufficient, for a judgment declaring the $1,800 legacy a charge upon the land other than the life estate devised to the plaintiff, and for a sale of so much thereof as may be necessary for its discharge.

Upon these facts the plaintiff contended:

1. That she was entitled to have allotted to her one-third in value of all the real estate of the testator for life.

2. That she was entitled to have so much of the residue of the land sold as might be necessary to pay to her the legacy of $1,800, with interest thereon from the time it became due and payable to her by the administrator.

The defendants contended:

1. That the plaintiff was not entitled to have her legacy of $1,800 paid out of the real estate, but that it was only a charge on the personal estate.

2. That if a charge at all, then it was a charge on the whole realty, and must be paid out of the entire real estate, and her one-third interest for life must be allotted to her out of the remainder of the real estate after the payment of the legacy.

3. That the $1,800 legacy was a charge on the personal estate. The widow must account for the household and kitchen furniture admitted to be in her possession.

And these questions of construction were submitted to the Court.

Thereupon was rendered the following judgment:

This cause having been submitted to the Court upon the statement of facts agreed, it is considered and adjudged, that the $1,800 bequeathed by the testator to the plaintiff is a charge upon the whole estate, except the personal property specifically bequeathed to plaintiff, and it being agreed that the personal property has been exhausted in the payment of debts, the said sum is charged upon all of the real estate of the testator. The

16

defendant administrator *c. t. a.* is directed to sell so much of said real estate as may be necessary to pay the said legacy, and the balance of the real estate is to be divided according to the directions of the will.

From which judgment the defendants appealed.

Mr. *C. B. Watson*, for plaintiff.
Messrs. *Holton* and *W. B. Glenn*, for defendants.

SMITH, C. J. (after stating the facts). In the construction of testamentary dispositions of property, the primary purpose should be to ascertain and give effect, as far as allowed by law, to the testator's meaning, and this is to be found within the written instrument itself, in the light of surrounding circumstances. No outside evidence of that intention, furnished by his contemporary or other declarations, are receivable.

And when the sense in which he uses certain words can be ascertained from the provisions of the will, it is to be considered that such is their meaning, and such becomes their legal effect.

Unaided by other provisions of the will, a direction for the payment of a pecuniary legacy "out of the estate" would charge both the personalty and land, the latter, after exhausting the former, and both, if required for its payment. So it is declared in *Bray* v. *Lamb*, 2 Dev. Eq., 372, where the $500 bequest was directed *"to be raised and paid out of my estate,"* and there was nothing to qualify the import of the expression found elsewhere in the writing.

A similar interpretation, under like circumstances, was put on a bequest "of five hundred dollars, to be paid by my executors *out of my estate,"* in the subsequent case of *Biddle* v. *Carraway*, 6 Jones' Eq., 95. In *Hart* v. *Williams*, 77 N. C., 426, where the real and personal estate, "except as hereinafter mentioned," were given to the plaintiff (who was also executor) in trust for the testator's mother during life, and then for an equal division between his father and two brothers; and this clause is followed

by another, in which the executor is required to pay $250 to a freed man, a former slave of the father, it was properly decided that as there was no undisposed property out of which the money bequest could be paid, the will was, in effect, a gift of the whole estate, subject to the bequest, which must first be provided for.

So an estate devised and bequeathed "*subject to the devises and bequests herein* otherwise made," was held to charge such estate with them, as if in express terms they had been directed to be taken from such estate, in *Devereux* v. *Devereux*, 78 N. C., 386.

While such is the established rule of interpretation, and the word "estate" unexplained, and in its general meaning as comprehending both realty and personalty, would make the pecuniary gift a charge upon both, if by the use of other annexed terms, or from other parts of the instrument, it can be seen or fairly inferred that the term was used in a more restricted sense, and was intended to designate only the personal property of the deceased, such must be its confined effect. *Brawley* v. *Collins*, 88 N. C., 605; *Page* v. *Foust*, 89 N. C., 447.

Let us see how this is. The testator owned a considerable personal estate, of which he gives his wife specifically his household and kitchen furniture. How much in value this was, we are not informed in the record; that it must have been quite large, or at least so estimated by the testator, is fairly inferrible from the fact that as a surplus, after payment of debts and legacies, it is distributable between the same beneficiaries before provided for. In this he was mistaken, but the belief has some significance in interpreting other parts of the will.

The legacy of $1,800 is to be paid "in cash or cash bonds, at her option, out of my estate." This left to his wife's election the acceptance of such bonds as were on hand, or the requirement of money when realized.

There were such bonds on hand, and if not needed in payment of debts and charges of administration, she had a right to require them from the executor towards the satisfaction of her legacy.

The just and fair way of arriving at the sense in which the word "*estate*" is used in the direction about using the money to meet this pecuniary gift, is to see how it is employed, and with what meaning, elsewhere in the will. It is used by him three times more, and most evidently as embracing, in each case, personal property alone.

Immediately thereafter, in the same general clause, the testator speaks of his wife's being at their marriage "possessed of some estate," which he had never reduced to possession, and to which he laid no claim, but if it should be adjudged that he had any, he gives it to her. The testator must have used the word here as confined to personalty, since any interest he could acquire in his wife's land would terminate at his death.

On the other hand, in the devise of his lands, one-third to his wife for life, and the other two-thirds to daughter Phœbe, and son, David W., he designates the subject of her gift as "real estate," and the remainder in that given the wife as "land."

Here he maintains the distinction in these two species of property.

Again, in a posterior clause, he directs, "after my *estate* shall be settled," then what is left shall be equally divided between the three objects of his bounty, the son, "D. W. Worth, accounting to my estate for the sum of $1,000, which he has received in excess of the other children by way of advancements." Plainly the testator intends the personal and not the real estate when he employs the term in this part of his will, and indicates an expectation, by the required direction of the advancements, that the surplus after settlement would be very considerable.

Again, could he have intended to subject the same lands to a sale to pay the legacy, if the personal assets proved insufficient?

While it is true the one-third devised to the wife for life, as if allotted as dower in case of intestacy, would be exempt from liability for debts by virtue of the statute (The Code, §2105), still the general expression, to be paid "out of my estate," would

include it, and may furnish some guide in arriving at the testator's intent.

Indeed, it has been held, but our own adjudications are to the contrary, that a charge of legacies on all the testator's real estate does not form a lien upon lands specifically devised. *Carson* v. *Carson*, 7 H. L. C., 168 ; O'Hara on Wills, 241.

But we put our decision upon the ground, that the testator discriminates between disposition of his real and personal estate, using appropriate words for the latter, and employing the word in its general form " *estate*," when he was referring to the personal estate. Such being his intention, we must give it effect in putting the same meaning upon the word as does the testator himself.

There is error. Only such, if any, of the property comprehended in the residuary clause is liable for the said legacy. This will be certified for further proceedings in the Court below. Judgment modified accordingly.

Error.                                             Modified.