F. P. BREWER v. THE UNIVERSITY OF NORTH CAROLINA.

*Will.— University— Trust — Proceedings Supplementary to Execution.*

A testator devised to the Trustees of the University of North Carolina a fund wherewith to establish a professorship of agricultural chemistry; a contest as to the validity of the will having arisen, a compromise was agreed upon by the parties interested, whereby the will was admitted to probate and the Trustees received a certain sum—less than the amount of the original bequest—in settlement: *Held*—

1. The University had the capacity to take and execute the trust created and imposed by the will.

2. That it took the fund received, not by virtue of the compromise, but under the will.

3. That it took the fund for the purpose of the trust, and not for its general business purposes, and therefore it was not subject to any proceeding to apply it to the debts of the University.

This is a PROCEEDING supplementary to the execution, to subject to the payment of the plaintiff's judgment so much of a fund bequeathed to the defendant by the last will and testament of Mary A. Smith, deceased, as may be necessary for that purpose, heard before *Connor, J.,* at Chambers, in Raleigh, January 16th, 1892

It appears that the said Mary A. by her will devised and bequeathed "to the Trustees of the University of North Carolina, to be invested by that corporation in the safest practicable manner," the second half of the residue of her large estate, and directed with particularity that "a professorship of Agricultural Chemistry be established, or such Chair as shall teach both the science of chemistry and its experimental and practical application to the useful arts, and especially to the art of agriculture and cultivating the earth;" and that the fund arising from such investment be devoted to its support.

After the death of the testatrix, there arose a contest as to the validity of her will, and pending the litigation in that respect, the parties interested in the same, including the defendant, agreed upon terms of compromise, whereby the will was established, and the sum of thirty-nine thousand dollars was decreed to be due and paid to the defendant under and by virtue of the bequest to it of the will.

The plaintiff contends that under this will the sum of money due to the defendant was much greater than that last mentioned, and that the will did not operate as the testatrix intended; that the defendant did not take this sum of money under and by virtue of the will, but by virtue of the compromise mentioned; that it does not hold the fund thus arising in trust for the purpose specified in the will, but for its general business purposes, and therefore he is entitled to have so much thereof, as may be necessary, devoted to the satisfaction of his judgment.

The Court decided otherwise, and gave judgment in favor of the defendant. Thereupon, the plaintiff excepted, and appealed.

*Mr. T. R. Purnell*, for plaintiff.
*Messrs. R. H. Battle* and *S. F. Mordecai*, for defendant.

MERRIMON, .C. J.—after stating the case: The defendant has ample power and authority and it is capable in all pertinent respects to take, receive, have, own and possess property, both real and personal, to be used for, applied and devoted to the purposes for which it is created as the donors thereof may direct by will or otherwise. The Constitution, Art. 9, § 6; *The Code* §§ 2610, 2630.

It was therefore competent for the testatrix named, to make the bequest mentioned to the defendant for the particular purpose specified in connection therewith. The defendant has and holds the fund charged with a trust for that

purpose, and not for its general business purposes. The fund cannot be applied or made subject to the payment of its debts, whether the same be reduced to judgment or not. The defendant is charged with it only for the purpose to which the donor devoted it.

When the will of the testatrix was established by the proper orders and judgment of the Court, the defendant became entitled to have the fund bequeathed therein to it, not by virtue of any compromise, as suggested by the plaintiff, but by virtue of the will. Neither the defendant nor the Court had power to change the nature or purpose of the bequest. The Court had authority, in a proper case, to determine what it was, give effect to it and enforce the trust provided by it, but it could not change the intent and purpose of the testratrix. That the defendant failed for any cause to get all the fund bequeathed to it, could not change the nature or purpose of so much of it as it did receive. It may well be that it had the power, with the sanction of the Court, to make a compromise as to litigation about the will, but it could not change its provisions, or the intent and purpose of the testratrix. These must remain and have effect.

Affirmed.