VAN B. MOORE, Executor of SALLIE L. GATLING, et al, v. JOHN T. PULLEN, Administrator of M. A. MOREHEAD.

*Judgment—Compromise Decree—Legacies—Interest.*

1. Where, in a will contest, a compromise judgment was entered whereby legatees named in the will were to receive certain amounts in settlement of their legacies which were ordered to be paid by the administrator *cum testamento* thereafter to be appointed, the judgment was not such a judgment as, under Section 530 of *The Code*, would draw interest from its date.
2. Pecuniary legacies draw interest from one year after the death of the testator.

In a controversy in WAKE Superior Court, at its October Term, 1891, concerning the probate of the last will and testament of Mary A. Smith, sometimes called Mary Ann Morehead, between the propounders and the caveators, by agreement between all parties interested, a trial by

jury was waived, and the court found that a certain paper writing of date August 10th, 1863, produced for probate as the last will and testament of Mary A. Smith, was her last will and testament : and in furtherance of a compromise and agreement made at the same time the Court adjudged that the administrator with the will annexed hereafter to be appointed (the executor named in said will being dead) should pay to the legatees or their assigns respectively, and that said legatees or said assigns should receive in full of their legacies certain sums of money named in the order. The present action was brought by the plaintiffs, some of the legatees, to recover interest on the said legacies from the date of said adjudication, and $100 each to Van B. Moore, executor, etc., and Lucy C. Henry, which defendant had tendered to them but which they declined to receive.

MONTGOMERY, J. (after stating the case as above) : By consent of all the parties this case was heard by the Judge presiding at WAKE Superior Court (a jury being waived) at its October Term, 1894, and judgment was rendered, as follows :

It is considered, ordered and ajudged by the Court that interest does not begin to run on the legacies mentioned, described and set out in the complaint and in Exhibit A, until after two (2) years from the date of the qualification of the defendant John T. Pullen, as administrator, with the will annexed of Mary Ann Smith, sometimes called Mary Ann Morehead, and that the plaintiffs or any of them are not entitled to interest on said legacies, or any of them, except from that date.

And it appearing to the Court from the admissions of the pleadings that there remains the sum of one hundred dollars due and unpaid on the legacy bequeathed to Sallie L. Gatling, and the sum of one hundred dollars due and

unpaid on the legacy bequeathed to Lucy C. Henry, which amount has heretofore been tendered to them and each of them by the defendant herein at the date of the last payment made to them as set out in the complaint;

It is considered, ordered and adjudged by the Court that the plaintiff, Van B. Moore, executor of Sallie L. Gatling, and the plaintiff Lucy C. Henry, recover of the defendant herein the sum of one hundred dollars each with interest from the date of this judgment until paid, together with their costs of this action expended. And that the defendant recover of the plaintiff other than Van B. Moore, executor of Sallie L. Gatling and Lucy C. Henry, his costs in this action expended.

The plaintiffs excepted and appealed from the said judgment to this Court, and assigned as error: "1. That the Court erred in not awarding interest to the plaintiffs upon the several amounts due them from the date of the judgment mentioned in the pleadings. 2. That the Court erred in not awarding such interest from one year after the death of said testatrix. 2½. That the Court erred in not awarding such interest from two years after the death of the testatrix. 3. That the Court erred in not awarding the plaintiffs Van B. Moore, executor, and Lucy C. Henry interest from two years after the death of the testatrix. 4. That the Court erred in not awarding the said plaintiffs interest from two years after the letters of administration were issued to the defendant. 5. That the judgment should have been in favor of the plaintiffs for the amount claimed for them, and for costs."

*Mr. John W. Hinsdale*, for plaintiffs (appellants).
*Messrs. Smith & Boyden*, for defendants.

MONTGOMERY, J. (after stating the facts as above): The first exception is overruled. We cannot take the view that

MOORE *v.* PULLEN.

the adjudication made at October Term, 1891, was a judgment of the Court for money by virtue of the compromise and without reference to the future execution of the will, and therefore under section 530 of *The Code* to bear interest from its date.    In the case of *Brewer* v. *The University*, 110 N. C., 26, this Court, in speaking of one of the legacies under this very will, uses this language :    "When the will of the testatrix was established by the proper orders and judgment of the Court, the defendant became entitled to have the fund bequeathed therein to it, not by virtue of any compromise as suggested by the plaintiff, but by virtue of the will."

The second exception is sustained.    The rule is that pecuniary legacies bear interest from one year after the death of the testator.    *Hart* v. *Williams*, 77 N. C., 426 ; *Swann* v. *Swann*, 58 N. C., 297.    This makes it unnecessary to look further into the exceptions.

There is error.    The judgment below must be reversed except as to the findings of the indebtedness due to Van B. Moore, executor, and to Lucy C. Henry, respectively, and they are entitled to interest on those sums because the tender was not a sufficient one in law—it was not for all that was due.

Let this be certified to the Court below that judgment may be had in accordance with this opinion.