## Northcutt's Ex'x v. Farmers Nat. Bank

Dec. 18, 1942.

W. W. Van Deren for appellant.

Hanson Peterson and J. Nathan Elliott for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing in part and affirming in part.

Mrs. M. L. Montgomery died testate, childless and without issue, on December 1, 1937, while a resident of Harrison County, Kentucky. Her will was executed on October 20, 1928. By special and specific bequests, she disposed of a part of her property (personalty only) giving the residue thereof to the "Lexington Bible College, located on Transylvania Campus, and Kentucky State Missionary Society of the Christian Church, located at Lexington, Kentucky." One of her specific legatees was her pastor, W. E. Ellis, to whom she bequeathed "$2,000.00 if living, otherwise void." She also specially bequeathed to her niece, Doris Lee Northcutt, who married a Mr. Smith, the sum of $800. Each of the last two legatees died before the death of the testatrix, and this litigation arose, first, over the controversy as to the devolution of those two bequests—the residuary and charitable legatees—contending that on the failure of them to take effect, they fell into the residuary clause of the will; whilst, the heirs insisted that they became undevised property, which descended to them. A second

controversy is made by the residuary legatees, that if it should be held that the two last mentioned bequests descended to the heirs as undisposed of property, then the debts, if any, and costs of administration, should first be paid out of the descended fund, before resorting to the property embraced by the residuary clause of the will; whilst, the heirs contend that they inherit it under the provision of Section 4843 of Carroll's Kentucky Statutes, 1936 Edition (394.500, KRS, 1942 Edition), free from diminution for payment of debts and costs of the administration until exhaustion of property embraced in the residuary clause. Differently stated, appellant's argument is that the expense and costs of the administration should first be paid out of the residuary bequests before the lapsed or undisposed of fund could be resorted to for that purpose.

After the formation of the stated issues by the pleadings, the cause was submitted to the court for determination, and in which some minor items of dispute were also disposed of, followed by a determination of the two chief and principal issues supra. The court, in disposing of the first controversy supra, adjudged that the $2,000 bequeathed to the Reverend W. E. Ellis, reverted to the residuary clause, and did not become a lapsed legacy, descending to the heirs as undisposed of property, and further adjudged that the $800 devised to the niece of testatrix lapsed after the death of the niece without issue and before the death of the testatrix, and became undevised property descending to the heirs, but that the fund so descended should be appropriated by the executor to the payments of debts and costs of administration, but not to the costs of the contested litigation over the will of the testatrix. From that judgment appellants prosecute this appeal.

In adjudging that the $2,000 Ellis devise upon its failure by the terms of the will, should augment the residuary fund, the court appears to have misinterpreted the will in the light of Section 4843, supra, which says: "Unless a contrary intention shall appear by the will such real or personal estate, or interest therein, as shall be comprised in any devise in such will which shall fail or be void, or otherwise incapable of taking effect, shall not be included in the residuary devise contained in such will, but shall pass as in case of intestacy."

In arriving at its conclusion, the court found that

"a contrary intention" appeared from the will of the testatrix, and upon that interpretation, the conclusion as to the proper devolution of that bequest was made. We are convinced that the court was in error in its conclusion that the will disclosed any intention on the part of the testatrix that the residuary legatees should receive the Ellis bequest upon his death before hers. On the contrary, it is our conclusion that the bequests should descend to the heirs as directed by the statute, since we find no language in the will containing any contrary purpose or intention on the part of the testatrix as to the final disposition of the Ellis bequest, if it should fail to become effective in accordance with the terms of the will. We coincide with that portion of the judgment determining that the $800 bequest to the niece of testatrix lapsed upon the death of the niece without issue before the demise of the testatrix. Therefore, the total amount of the ineffectual special bequests is $2,800, which under the section of the statute supra, became undevised property and descended to the heirs.

The next question for determination is, the second one supra, i. e., whether such lapsed fund should first be appropriated to the payment of debts and costs of administration before resorting to the property embraced by the residuary clause of the will of testatrix? It will be seen that the judgment of the trial court placed such burden on the lapsed or ineffectual fund, instead of requiring it to be met out of the property embraced in the residuary clause.

The order in which devised property shall be liable for debts and cost of administration is: (1) The general personal estate; (2) estates specifically and expressly devised for the payments of debts; (3) estate descended; and, (4) estates specifically devised even though they are generally charged with the payment of debts. 69 C. J., page 1224, Section 2567. That statement of the order in which such charges should be satisfied, appears to be universal, in the absence of statutory or testamentary directions to the contrary. It is so recognized by all textwriters and by the courts generally. The earliest cases within this jurisdiction so declaring are McCampbell v. McCampbell, 5 Litt. 92, on page 102, 15 Am. Dec. 48, and Alexander v. Waller, 6 Bush 330, on page 341. A great number of following domestic cases will be found listed in Shepard's Citations, page 198. However, it is

insisted by the heirs of testatrix that the stated order of prior liability for debts and costs of administration, under the stated rule, should not apply where there is a residuary clause in the will under consideration; whilst, appellees take a contrary position. The general rule appears to be, that in the absence of an intention in the will to exempt undisposed of property from liability for debts and costs of administration, such undisposed of property should first bear the burden, and that the intention to lift that burden from such undisposed of property should ''be very clearly manifested'' by the terms of the will. 69 C. J. 1226, Section 2570. There is no such manifested intention in the will now under consideration. Following that rule, the court in the cases of Swann v. Swann, 58 N. C. 297, and In re Hall's Estate, 183 Cal. 61, 190 P. 364, subjected first lapsed and undisposed of property going to the heirs to the payment of debts and costs of administration before resorting to other funds disposed of by the will, and in the case of Highbaugh v. Highbaugh's Ex'x, reported only in 1 S. W. 422, 423, this court held that such descendible funds to the heirs, as prescribed in the section of the statute supra, should first be appropriated by the personal representative for the payment of debts and costs of administration before resorting to other funds contained in the will. The fund in the Highbaugh case consisted of an adeemed devise, but which does not differ in principle— with reference to the question now under consideration— from a lapsed devise or bequest. In disposing of the question, we said in that case:

''There is, doubtless, as stated by counsel, a residuary estate, and, if we could so assume, yet the view of the lower court would be sustained. The land [adeemed property], the proceeds of which are in question, must be regarded as if it had not been named in the will, and as if the deceased had died intestate as to it. If it had not been adeemed, the appellant could have derived no benefit from it; and to apply it first in payment of the costs of administration is not only equitable, but serves to give to each devisee what the will provided for him. If this be not done, no residuary estate may be left, but the entire estate remaining after the satisfaction of special devises and bequests be consumed in the payment of costs and expenses of administration, and thus the residuary devisee receive nothing, although the testator has made

him the object of his bounty, and although there is property undisposed of which belonged to the testator.''

The reason why the court spoke doubtfully about the existence of a residuary clause was because neither the will there involved, nor a copy of it, was made a part of the record; but attorneys in their briefs referred to a residuary clause, and the court accepted such statements in the briefs, as showing the existence of such a clause. Nevertheless, it held that debts and expenses of the estate should first be borne by the property which became descendible to the heirs, because of it becoming ineffectual, for any reason, before the death of the testator. The will involved in the instant case, clearly manifests the intention on the part of the testatrix to dispose of her entire estate. In doing so, she carved out a portion of it, and directed such carved out portions to be distributed as directed in her will, and then said that her residuary legatees should have from her estate the residue thereof, and which residue, we repeat, consisted of the amount of her estate left, after deducting therefrom the total amount of special and specific bequests. Therefore, it was as clearly manifested by the testatrix that the residuary devisees should have their residuary portion of her estate, as it was that her specific legacies should consist of the amounts designated in her will. The residuary bequests, therefore, partook of the nature of general legacies, to be subjected to the same rules governing that character of devisees and bequests. But if it were otherwise, then the ruling in the Highbaugh case would govern the determination of this one, unless we should conclude to overrule it. After careful consideration, and in the light of what appears to be the dominant and unalterable intention on the part of the testatrix that her residuary charitable legatees should receive all of the residue of her estate, without diminution, that remained after deductions of specific bequests, we conclude that the judgment of the trial court on the issue now under consideration was correct and should be approved.

As hereinbefore stated, some other minor questions were raised by the pleadings, and disposed of by the court, but which are not complained of on this appeal, except a brief reference by counsel, to a slight mistake made by testatrix in the corporate names of her residuary legatees; but the record clearly discloses that the actual and precise names of those institutions were the

634

ones that testatrix attempted to correctly describe in her will, and which did correctly describe them as the residuary beneficiaries that the testatrix intended to be made such.

Wherefore, for the reasons stated, the judgment is reversed as to that portion determining that the $2,000 Ellis bequest became a part of the residuary fund; but it is affirmed as to all other issues. The court will therefore, set aside the judgment appealed from and render one in accordance with this opinion, each party paying one-half of the costs of this appeal.

The whole court sitting.

Judge Tillford dissenting.

I believe that KS, section 4843 was intended to govern only those cases where the possible lapse of a specific legacy was not foreseen by the testator. Where it is provided by the testator that a bequest shall lapse upon the happening of a certain contingency and the will contains a residuary clause, it seems to me that an intent is manifest that the proceeds shall pass to the residuary legatees.

Accordingly, I dissent from so much of the opinion as holds that the proceeds of the bequest to the Reverend Ellis passed as intestate property to the heirs at law of the testatrix.