## IN THE MATTER OF THE ESTATE OF PTOLEMY CORBIERE, DECEASED

Probate No. 44/1989

### ANGELA McGHEE, Plaintiff

v.

## ERIA O. BRYAN, BERTRAM BRYAN, SHEILA BRYAN BUTLER, BARBARA A. BRYAN, EDITH CORBIERE FORDE, ALICIA TORRES, DILSA TORRES CAPDEVILLE, ELIZABETH TORRES BROWN, LEROY MOOREHEAD, JOHN McDONALD, MICHAEL McDONALD, and ANDREW L. CAPDEVILLE, Defendants

Civil No. 56/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

May 25, 1990

RICHARD P. FARRELLY, ESQ., St. Thomas, V.I., *for the estate*

HENRY V. CARR, III, ESQ., St. Thomas, V.I., *for plaintiff*

KATHLEEN MACKAY, ESQ., St. Thomas, V.I., *for defendants Bertram Bryan, Sheila Bryan Butler, Barbara A. Bryan, Edith Corbiere Forde, Leroy Moorehead, John McDonald, and Michael McDonald*

ANDREW L. CAPDEVILLE, ESQ., St. Thomas, V.I., *pro se and for defendant Dilsa Torres Capdeville*

CHRISTIAN, *Judge*

## MEMORANDUM AND ORDER

### I. INTRODUCTION

This matter is before the Court on Petition of Angela McGhee, (hereafter "Petitioner"), dated March 20, 1990, for an Order granting her the right to take possession of, and the rents and profits accruing from, Property described as No. 129A-33, Lot No. 6, Block F(5) Estate Anna's Retreat, No. 1 New Quarter, St. Thomas, Virgin Islands, recorded in Auxiliary 12, Page 208, Book 25V, P. 245, No. 2365, on June 21, 1984, in the Office of the Recorder of Deeds in St. Thomas, Virgin Islands, (hereinafter "the Property"), from the date of death of decedent to the present, minus legitimate expenditures made for the maintenance of the property during said period, pursuant to 15 V.I.C., Subchapter III. The Petition will be granted.

### II. THE FACTS

Ptolemy Corbiere died on April 7, 1989. Decedent made a Last Will and Testament in 1984 and another in 1989. In the 1984 Will, Paragraph FOURTH, he specifically devised the property in fee to Petitioner. In the 1984 Will, Paragraph EIGHTH, he also made Petitioner one of three residuary beneficiaries of his estate.[1] In the 1989 Will, decedent, in Paragraph THIRD, again specifically devised the

---

[1] There will be a relatively substantial residuary estate, thus giving Petitioner standing to file the Will Contest suit.

59

property to Petitioner in fee, but removed her as a residuary beneficiary of his estate. In neither Will was the property devised to Petitioner also devised for the payment of debts of decedent.

Alleging that the 1989 Will executed thus to her disadvantage was executed as the result of the exertion of undue influence on the decedent by the Executrix of the estate, Petitioner filed a Will Contest action pursuant to 5 V.I.C., App. V, Rule 24, to have the 1989 Will declared null and void. This action is now pending.

The property left by decedent, according to the Verified Inventory filed in the administration of his estate on August 24, 1989, includes cash in the amount of $206,442.20, and other personalty in the amount of $4,072.58. That this cash asset exists is uncontested. Although the publication of the six-month notice to creditors was completed on September 8, 1989, the only claim filed against the estate was that of the Executrix in the amount of $5,030.64, which was approved by the Court and paid to the Executrix. The Executrix filed her first quarterly account on October 10, 1989, which confirms the showing in the Inventory that the estate has ample funds to liquidate any debts of the estate, including approved claims against the estate and expenses of administration of the estate.

## III. DISCUSSION

15 V.I.C., Section 451, provides in pertinent part, that "[a]t any time after the filing of the first quarterly account, any devisee may apply to the Court by petition for an order that he have the possession and rents and profits of the portion of the real property to which he may be entitled".

Petitioner argues that the present weight of authority is to the effect that where there is a Will, the assets of the estate are applicable in the payment of debts of the testator in the following order: (a) personal estate; (b) estates devised for payment of debts; (c) estates descended; and (d) estates specifically devised. 80 Am. Jur. 2d, Section 1746. See also Northcutt v. Farmer's Nat. Bank, 292 Ky. 628, 166 S.W.2d 971, 144 A.L.R. 472; Stires v. Stires, 5 N.J. Eq. 224. Since we find no local law to the contrary, and the property was not devised for the payment of debts of decedent, we adopt this formula.

15 V.I.C., Section 452 requires that the application should not be made until after the filing of the first quarterly account, and notice of the application should be given to the personal representative not

less than thirty (30) days before the time at which it is made. This filing took place on October 10, 1989, and the notice required was given to the personal representative on March 20, 1990.

■ Section 453 of the Subchapter requires that the applicant shall file with the Court an undertaking as a precondition to the granting of the Petition for partial distribution prior to final adjudication. We hold that this requirement is properly made only if the Court finds that the estate is in debt to the extent that the creditors of the estate and payment of the expenses of administration will be unduly prejudiced, and this requirement is consequently properly made only in the exercise of the sound discretion of the Court.

But the Executrix opposes the granting of the Petition on the following grounds:

1. That on December 14, 1989, the Court granted a stay of all probate activity in the estate until Petitioner, who is a nonresident, files a bond for costs as prescribed by 5 V.I.C., Section 547, and therefore not only proceedings in the Will Contest case are stayed, but also all activity in the probate administration of the estate;

2. That although the Petitioner was devised the property in both Wills executed by decedent, the rents and profits flowing from the property were not so devised; and

3. That the pendency of the Will Contest action precludes the granting of the Petition in the probate proceeding, although Petitioner is devised the property in question in both Wills.

The Court finds no merit in any of these contentions.

The stay which the Court granted on December 14, 1989, applied only to the Will Contest action which, according to 5 V.I.C., App. V, Rule 24, is an action which is entirely discrete and separate and apart from the probate proceeding, i.e., a civil action filed to be heard, litigated and adjudicated in the Civil, and not in the Probate, Division of the Court. Moreover, the bond in question was filed by Petitioner, thus terminating the stay.

■ It should be clear that since the property was devised to the Petitioner, the rents and profits issuing therefrom, subject to maintenance expenses, were also devised to Petitioner, are indivisible and inseparable therefrom. We find it difficult to understand how one could reasonably argue that the devisee is entitled to the property devised but not to the benefits, the rents and profits, issuing therefrom.

■ The pendency of the Will Contest action cannot reasonably be held to preclude the granting of the Petition, for the simple reason that whichever way the Will Contest action is decided, Petitioner will still be the legal owner of the property, since it was devised to her, not only in the Will under attack, but in both Wills.

Since the Court agrees with the reasons advanced by the Petitioner, and finds no merit in the contentions made by the opposition thereto, the Court grants the Petition, and accordingly ORDERS that Angela McGhee is hereby awarded:

1. Title to Parcel No. 129A-33 Estate Anna's Retreat, Lot No. 6, Block F(5), No. 1 New Quarter, St. Thomas, Virgin Islands; and

2. All the rents collected by the Executrix (or any other person) from the property, from the date of death of decedent to the present, minus all maintenance expenses paid by the Executrix for the upkeep and maintenance of the property during the said period of time, which payment shall be made through the respective attorneys of the parties hereto within thirty (30) days from the date of this Order;

3. It is further ORDERED that this Order Granting Partial Distribution Prior to Final Adjudication shall be recorded immediately in the Office of the Recorder of Deeds in St. Thomas, and proof thereof filed with the Court.