[No. 3,908.]

## HENRY HANCOCK v. PIO PICO.

ATTORNEYS' FEES—LIMITATION OF ACTIONS.—If an attorney is employed to act as such for a party to an action, and there is but one employment, the Statute of Limitations does not commence to run against his claim for legal services until his services under the single employment are ended.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Action to recover for legal services rendered to defendant as an attorney. The Court found that the plaintiff was the attorney of the defendant in the District Court of the United States, in the case mentioned in the opinion, and that judgment was rendered therein on the eighth day of June, 1869, and that there was no other employment than the original and first employing, and that the value of plaintiff's services, rendered up to the time of judgment, was three thousand dollars. This action was commenced June 24, 1871. The Court below was of opinion that plaintiff's claim for services rendered prior to June 8, 1869, was barred by the Statute of Limitations, and that as there was no proof of the value of his services after June 23, he was entitled to recover the nominal sum of one dollar, and gave him judgment for one dollar. The plaintiff appealed.

*C. G. W. French*, for the Appellant.

First. That the findings of facts warrant a judgment for three thousand dollars in gold coin, and the judgment, as it now stands, is inconsistent with the same, and should, therefore, be modified to conform to the facts as found by the Court. (*Lucas* v. *San Francisco*, 28 Cal. 591; *James* v. *Williams*, 31 Cal. 213; *Smith* v. *Cushing et al.*, 41 Cal. 97; *Mathews* v. *Kensel*, 41 Cal. 512.)

Second. The conclusions of law are erroneous, and not properly deducible from the facts as found.

*Henry Hancock,* in *pro. per., Glassell, Chapman & Smith,* for Respondent.

The plaintiff's fees were due eighth June, 1869, when the decree was rendered in the U. S. District Court, and the Statute of Limitations commenced running from that date. *Mygatt* v. *Wilcox,* 45 N. Y. 309, and cases cited *ib.*

By the COURT:

It is clear from the findings that there was but a single employment by the defendant of the plaintiff as attorney in the case of De Celis *v.* The United States, upon a claim for the Mission of San Fernando. Judgment was entered in the case on June 8th, 1869—the defendant having in July following sold out his interest in the San Fernando property —the Court finds that after June 8th, 1869, the plaintiff rendered no other professional service or act except that of being responsible as attorney in the cause, and looking after the case up to the time when his client, the defendant Pico, sold his interest in the land. In other words, the Court below finds that the single employment of the plaintiff extended to and included services rendered in the case as late as July, 1869; and the action here having been commenced in June, 1871, the attempted defense of the Statute of Limitations will not avail the defendant.

Judgment reversed and cause remanded, with directions to render judgment for the plaintiff for the sum of $3,000 and costs. Remittitur forthwith.