[Civ. No. 110.   Fourth Appellate District.—August 12, 1930.]

M. C. ATCHISON, Respondent, v. BEN HULSE, Appellant.

S. P. Williams and Dorsey Whitlaw for Appellant.

M. C. Atchison, *in pro. per.*, and Ernest R. Utley for Respondent.

CARY, P. J.—Plaintiff, an attorney at law, brought this action against defendant to recover six hundred dollars for services rendered defendant on an appeal taken in a case entitled *Johnson* v. *Hulse et al.* Defendant answered, denying the employment of plaintiff, denying that the amount claimed was reasonable compensation and alleging that the action was barred by the provisions of subdivisions one and two of section 337 and subdivision one of section 339 of the Code of Civil Procedure. The case was tried before a jury, which rendered a verdict for plaintiff for five hundred dollars. From the judgment entered upon this verdict defendant appeals.

Two questions are presented for review. First, was the action barred by the statute of limitations and did the court err in refusing to instruct as requested on this point? Sec-

ond, did the actions of the trial judge constitute misconduct which prevented the defendant from having a fair trial?

Regarding the question of the statute of limitations. The defendant requested and the court refused the following instruction:

"You are further instructed that if you find from all the evidence that the defendant employed the plaintiff to perform services for the defendant as the defendant's attorney, you will, nevertheless, return a verdict for the defendant if you also find from all the evidence that at a time more than two years before the commencement of this action the defendant repudiated and thereby terminated such employment."

No instruction regarding the statute of limitations was given nor was any requested except the above.

The following is an outline of the facts: In 1921 an action was brought against four persons, among them Hulse, the defendant here. Atchison, the plaintiff here, represented one of the defendants in the 1921 action, but Hulse had another attorney—one Reed. The trial of that action resulted in a judgment entered the latter part of 1922 against Hulse and also against the defendant represented by Atchison. Hulse and the defendant represented by Atchison determined to take an appeal. Reed, Hulse's attorney, left the state shortly after the trial and was away during a portion of the time when the steps necessary to an appeal had to be taken. One of the defendants in the 1921 action testified that Hulse had spoken to him of attorney Atchison, stating that he, Hulse, had made arrangements with Atchison to go ahead with the appeal and that he would take care of Atchison's fee. Atchison himself testified that Hulse wanted him to go ahead with the appeal; that he told Hulse he would have to look to him for compensation; that Hulse had told him he would have to depend upon him, Atchison; that he met Hulse on the street and asked him for the cost of the transcript on appeal; that Hulse sent him a check for it and also sent him a check to pay the filing fee in the appellate court and gave him a check for the printing of the record and the brief on appeal and that he and an attorney whom he employed to assist him had prepared the transcript and written the briefs on appeal without any assistance from Reed, Hulse's former

attorney. From March 14, 1923, to January 12, 1928, correspondence passed back and forth between Atchison and Hulse and they also had several conversations regarding the 1921 litigation. The correspondence in its early stages concerned the costs incident to the transcript and briefs and in its later stages concerned plaintiff's demand for part payment on his own fees. On January 14, 1924, in response to a request for part payment upon plaintiff's fees the defendant wrote plaintiff in part as follows: "I don't just understand why I should mail you a check as I had Mr. Leslie Reed of Calexico, California, acting as my attorney in the Johnson case. If you and him has made any arrangements to have you take care of his part of the case it looks as though it is up to you and he to straighten it out. I will be in Calexico several days this week and will take this matter up with you as it is news to me." February 13, 1924, plaintiff answered this letter, commenting on defendant's failure to call on plaintiff as promised and expressing surprise at defendant's attitude. May 13, 1927, the judgment against Hulse was affirmed on appeal and the *remittitur* filed with the trial court July 14, 1927. December 8, 1927, plaintiff wrote defendant again about his fees. January 12, 1928, plaintiff wrote defendant another letter requesting his fees and in this letter outlined his version of the entire transaction. Defendant made no reply to plaintiff's letter of February 13, 1924, nor did he reply to any of the subsequent correspondence. This present action was begun January 20, 1928.

Appellant contends that the letter of January 14, 1924, quoted above was equivalent to a discharge of plaintiff and a definite termination of the relationship of attorney and client; that the time between that letter and the commencement of the present action—January 20, 1928—exceeds four years and that hence the statute of limitations had already run. Respondent, on the other hand, contends that this letter at best is but an assertion that there had never been any relationship of attorney and client; that the jury on conflicting evidence found to the contrary; that plaintiff's right of action for his fees did not accrue until the final termination of the work he was engaged to perform, to wit, the appeal; that the appeal was not finally disposed of until May 13, 1927; that plaintiff filed this present action

less than two years from that date and that, therefore, it was not barred.

A client has the right to change his attorney at any time. The single exception is where the attorney has an interest in the subject matter of the litigation. (*Todd* v. *Superior Court*, 181 Cal. 406, 413 [7 A. L. R. 938, 184 Pac. 684]; *Gage* v. *Atwater*, 136 Cal. 170, 172 [68 Pac. 581].)

Plaintiff in the case at bar having no interest in the subject matter of the litigation, defendant was then privileged to terminate his services at any time, being responsible, however in case they were terminated without just cause.

That being his right, does the letter of January 14, 1924, constitute a discharge of plaintiff and a termination of the relationship of attorney and client? Now, before a client may discharge an attorney, it seems clear that he must have one to discharge; in other words, that the relation of attorney and client must exist at the time of the discharge, since one cannot very well terminate that which has never existed. In the case at bar, if we follow defendant's theory of his defense, no relationship of attorney and client ever existed as between plaintiff and himself. His letter of January 14, 1924, contains no words dismissing plaintiff as his attorney. It merely says in substance, "you never were my attorney, so why should I pay you anything." It is not, as appellant contends, a letter terminating the relationship. Rather is it a letter denying that such a relationship ever existed. The view that this was not a termination of the relationship is further strengthened when we consider that defendant never even attempted to comply with Code of Civil Procedure, section 284, which requires, to effect a change of attorneys, either (1) that the consent of both client and attorney be filed with the clerk or entered on the minutes, or (2) that a court order be made on the application of either client or attorney after notice from one to the other.

Even from the defendant's standpoint the most favorable view that may be taken of this letter is that it constitutes a repudiation of any previous agreement between plaintiff and defendant. The proffered instruction itself is based on that theory. But before it could be considered as a repudiation of the contract "it must be a distinct and

unequivocal absolute refusal to perform the promise, and must be treated and acted upon as such by the party to whom the promise is made." (*Rauer Law & Collection Co.* v. *Harrell,* 32 Cal. App. 45, 67 [162 Pac. 125, 133].) In the case at bar the letter falls far short of "a definite and unequivocal, absolute refusal to perform the promise." Furthermore, the actions of plaintiff after the receipt of the letter show that he did not treat the letter or act upon it as though it were a definite and unequivocal, absolute refusal by defendant to pay him. ■ It follows that since there was no sufficient evidence in the record to justify the requested instruction, its refusal was not error.

■ Here plaintiff was hired, if at all, to prosecute the appeal. The appeal was not finally decided until May 13, 1927. The *remittitur* was not filed with the trial court until July 14, 1927. An attorney's right to compensation accrues at the time his work has been finished and the statute of limitations begins to run as of that time. (*Hancock* v. *Pico,* 47 Cal. 161; *Johnson* v. *Bank,* 125 Cal. 6 [73 Am. St. Rep. 17, 57 Pac. 664]; 6 C. J. 755, sec. 337.) The action was begun January 20, 1928, within a year after the final termination of the action. We, therefore, conclude that, granting the two-year limitation is applicable, the statute of limitations had not run at the time this action was commenced.

Appellant complains that during the cross-examination of plaintiff by defendant's counsel the court interrupted with the following remark: "That is absolutely frivolous. Mr. Williams, I wish you would go on with the examination about something that is material to this case and not waste any more time. I wish, Mr. Utley, you would make objections to foolish and trivial questions in this case." Likewise, he complains of the remarks of the trial judge in ruling upon evidence; also that the court cross-examined both defendant and defendant's attorney at considerable length, whereas he did not cross-examine plaintiff.

■ Trial courts are not mere referees in a contest of wits between counsel. It is not only their right, but their duty, to see as nearly as possible that a case is tried and disposed of on its merits. (*Bare* v. *Parker,* 51 Cal. App. 106, 108, 109 [196 Pac. 280].) The judge in examining the witnesses was well within his rights, since it is always

646

proper for a trial judge to clear up to his own satisfaction any points in the evidence upon which he is in doubt. Even where the case is tried with a jury, the necessary rulings on a motion for a nonsuit, for a directed verdict, and many other rulings made by the court require a clear understanding by the judge of the testimony of the witnesses. ■ Furthermore, the defendant did not at the time assign the actions of the court as misconduct and cannot for the first time raise the point on appeal. (*Compton-Gardena Milling Co.* v. *McCartney,* 69 Cal. App. 708, 710 [231 Pac. 764].) We have, however, examined the entire record with particular reference to the alleged misconduct of the court and find therein nothing to furnish any ground for a reversal of the judgment.

The judgment is affirmed.

Barnard, J., and Marks, J., concurred.