Filed 8/22/16  Bienert, Miller & Katzman v. Patwardhan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BIENERT, MILLER & KATZMAN PLC, | |
| Plaintiff and Respondent, | G052667 |
| v. | (Super. Ct. No. 30-2013-00674401) |
| VINOD CHANDRASHEKHAR PATWARDHAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge.  Affirmed.

Ferrucci Law Group and Joseph Anthony Ferrucci for Defendant and Appellant.

Bienert, Miller & Katzman, Kenneth M. Miller and Anthony Bisconti for Plaintiff and Respondent.

## INTRODUCTION

This is a one-issue appeal, dealing with the accrual of a cause of action for nonpayment of attorney fees based on a written retainer agreement. Appellant Vinod Patwardhan asserts that a separate cause of action accrues when each payment comes due – that is, upon receipt of each monthly bill for legal services – and the limitation period expires for each bill four years later. Respondent Bienert, Miller & Katzman, PLC ("Law Firm") maintain that the cause of action does not accrue until an attorney ceases to provide legal services to the client; the limitations period expires four years after that event. After a court trial on stipulated facts and evidence, the trial court agreed with Law Firm and awarded it the full amount of the fees for which it sued.

We affirm. Venerable but still valid case law holds that the limitation period for attorney fee collection does not begin until the attorney ceases to provide services on the matter for which he or she was hired or until the relationship terminates. As the trial court pointed out, appellant's rule could potentially place the attorney in conflict with the client – having to sue the client during the representation. We do not think the rule should be different when, as here, both a third party and the client are liable for fees. The potential for disruption of the attorney-client relationship is still present if the lawyer must sue both of them in order to maintain his or her right to payment.

## FACTS

On September 11, 2008, Law Firm agreed to represent Jessica Young in an investigation of Patwardhan by the United States government. Patwardhan undertook to pay Law Firm's fees for this representation. The retainer agreement with Young provided that "[b]ills are due and payable on receipt. Any statement not paid in full within one month shall bear a late charge of .8% per month on the unpaid balance." The agreement also stated, "[Young] understands that should [Patwardhan] fail to pay [Young's] legal fees and costs, then [Young] is responsible for paying of all legal fees and costs incurred or expected on [Young's] behalf."

2

Patwardhan entered into a separate written fee agreement with Law Firm on September 15, 2008. He agreed as a third-party payor to be bound by the terms of the retainer agreement relating to payment for Young's representation. He acknowledged that there was no attorney-client relationship between him and Law Firm, and he gave "an unconditional guarantee" to pay the fees. Patwardhan paid Law Firm an initial fee of $15,000.

Patwardhan fell behind almost immediately. He owed Law Firm over $6,000 by February 2009. By October 2009 the unpaid balance exceeded $30,000. As of August 2014, Patwardhan owed $42,588.

Law Firm filed a complaint against Patwardhan on September 10, 2013. The first amended complaint, filed in November 2013, alleged causes of action for breach of contract and common counts.

The case was tried to the court on stipulated facts and evidence. One stipulated fact was that Law Firm had fully performed its obligations under the retainer agreement with Young by providing legal services to her "through and including February 3, 2010." Counsel appeared only to present oral arguments. The court found in Law Firm's favor and awarded it $42,588.

The court's statement of decision addressed the only disputed issue: the limitations period. Patwardhan argued that each bill for legal services triggered the four-year limitations period, and therefore any bill received before September 10, 2009 (nearly all of them), was time-barred. The trial court disagreed, noting the special relationship between attorney and client and the unique regulation of that relationship by the Business and Professions Code and the California Rules of Court. Requiring an attorney to sue for fees on each bill in order to prevent the limitations period from expiring could result in the attorney having to sue the client while still representing him or her. The court held that the limitations period did not begin to run until the last legal service was performed.

3

The parties had stipulated to this date – February 3, 2010. The complaint was therefore timely.

The trial court noted that Patwardhan was not the client – Young was – but held that the same analysis applied, because the retainer agreement made Young responsible for fees if Patwardhan did not pay. She would most likely be involved in any suit for fees, potentially resulting in the same undesirable, and, in fact, impossible, situation of suing the client while still representing her.

## DISCUSSION

We review the trial court's decision regarding the accrual of a cause of action based on undisputed facts, an issue of law, de novo. (*International Engine Parts v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611-612; *Thomson v. Canyon* (2011) 198 Cal.App.4th 594, 604-605.)

A number of California cases address the accrual of a cause of action for nonpayment of attorney fees. Many are somewhat long in the tooth, but they all hold the same thing: a cause of action for nonpayment of attorney fees does not accrue until the representation is finished. (*Hancock v. Pico* (1873) 47 Cal. 161, 162; *E.O.C. Ord, Inc. v. Kovakovich* (1988) 200 Cal.App.3d 1194, 1203; *Brooks v. Van Winkle* (1958) 161 Cal.App.2d 734, 742,-743; *Mitchell v. Towne* (1939) 31 Cal.App.2d 259, 263; *Platnauer v. Forni* (1933) 131 Cal.App. 393, 400; *Atchison v. Hulse* (1930) 107 Cal.App. 640, 645 (*Atchison*); *Cullinan v. McColgan* (1927) 87 Cal.App. 684, 693-694 (*Cullinan*); see *Johnson v. Bank of Lake* (1899) 125 Cal. 6, 9, disapproved on other grounds in *Coulter Dry Goods Co. v. Wentworth* (1915) 171 Cal. 500.)[1]

None of the cases Patwardhan relied on in this appeal dealt with the accrual of a cause of action in an *attorney-fee* collection suit. The issue in *Banning Ranch*

---

[1] Nothing supports Patwardhan's assertion that the fee agreements in *Atchison, supra,* 107 Cal.App. 640 or in *Lyon v. Schindler* (CV 12-8990 CAS (VBKx), May 13, 2013) 2013 U.S.Dist. LEXIS 68577 were contingency agreements and thus distinguishable on that basis from agreements providing for monthly billing.

4

*Conservancy v. Superior Court* (2011) 193 Cal.App.4th 903 was contract interpretation, not the application of a statute of limitations. We held only that ordinary principles of contract interpretation applied to retainer agreements. (*Id.* at p. 913.) *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185 dealt with the accrual of a cause of action under California's Unfair Competition Law, and *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.* (2004) 116 Cal.App.4th 1375 was concerned with the accrual of a cause of action for breach of an oil and gas operating agreement. Neither these two cases nor the cases discussed in the opinions had occasion to deal with the accrual of a cause of action for nonpayment of attorney fees or to address the policy concerns that could underlie such a lawsuit.

As the trial judge noted, the attorney-client relationship is a unique and special one, heavily regulated and subject to conditions not found in ordinary contractual relationships. For example, an attorney of record may not simply stop representing a client; he or she must obtain the client's consent or move the court for an order permitting withdrawal. (See Code Civ. Proc., § 284; Rules Prof. Conduct, rule 3-700.) An attorney cannot sue a client while continuing to represent him or her. Doing so would create an adverse interest and violate rule 3-310 of the Rules of Professional Conduct, not to mention seriously compromising the attorney-client relationship.[2] The Business and Professions Code also imposes conditions on the attorney-client relationship not present in ordinary contractual relationships. (See Bus. & Prof. Code, § 6068, subds. (e)(1), (m), (n).)

The cases we have cited that deal with the limitations period for attorney fee collection actions all involve suits by the attorney against the client. In this case, however, Patwardhan was not Law Firm's client. He was the third-party payor, and the

---

[2] A similar concern for avoiding the disruption of an existing attorney-client relationship underlies Code of Civil Procedure section 340.6, subdivision (a)(2), which tolls the limitations period for attorney malpractice while the attorney continues to represent the client. (See *Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 511.)

5

fee agreement between him and Law Firm specifically disclaimed any attorney-client relationship. We have been unable to find any California published cases dealing with the accrual of a cause of action for nonpayment of legal fees by a third-party payor such as Patwardhan.[3]

But we believe the same rule applies where, as here, the third-party payor and the client are both liable for fees. The rule Patwardhan advocates could result in a law firm's having to sue not only the payor but also its client – possibly while still representing the client – in order to preserve its right to collect legal fees from the client if the payor reneged.[4] This result places the law firm in exactly the same position as it would occupy if there were no third-party payor. Postponing the initiation of the limitations period until the representation is concluded by one means or another avoids this potential disruption of the attorney-client relationship.

## DISPOSITION

The judgment is affirmed. Respondent is to recover its costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

---

[3] The court in *Cullinan* applied the same limitations period to the services the attorneys had rendered to the client and to third parties on the client's behalf, observing "The person liable to compensate an attorney for his services is the one who employs him, not necessarily the one who receives the benefit of the services." (*Cullinan, supra*, 87 Cal.App. at p. 698.) The court did not, however, directly address this issue.

[4] As the trial court noted, "[A]n attorney should not have to choose between (1) suing a client and thereby creating a conflict of interest with the client, and (2) having to waive delinquent fees older than four years in order to continue the representation."

6