[S. F. No. 3923.  Department Two.—June 17, 1905.]

MARGARET MARY O'CONNOR et al., Appellants, v. ANNA J. MURPHY, Executrix, etc., et al., Respondents.

WILLS—CONSTRUCTION—RESIDUARY DEVISE—VALIDITY OF TRUST.—Under a will containing a residuary devise to a wife and children named, and providing that a specified lot shall be kept and rented by the executor for their benefit until the youngest child attains a specified age, or "twelve years from the date of this will," if the trust is valid as to such lot, the title would be left at its termination in the residuary devisees; and if it contains a void trust, the title passes immediately under the residuary devise, and grandchildren who have specific legacies can claim no share in such lot as heirs at law.

ID.—PRESUMED INTENTION OF TESTATOR—INEFFECTUAL BEQUESTS—CON-
STRUCTION OF RESIDUARY CLAUSES.—The presumption is that the
testator intended to dispose of all of his property by the will, and to
include all ineffectual bequests in the residuary devise, if the inten-
tion to exclude them does not appear by appropriate language or by
clear implication. Residuary clauses are to be construed broadly
and liberally with a view to prevent intestacy as to any portion
of the estate.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Edward C. Harrison, and William E. White, for Appel-
lants.

The will contains a void trust for a term of years. (*Gold-
tree* v. *Thompson*, 79 Cal. 613, 22 Pac. 50; *Estate of Walk-
erly*, 108 Cal. 627,[1] 41 Pac. 772; *Matter of Hendy*, 118 Cal.
656, 50 Pac. 753; *Crew* v. *Pratt*, 119 Cal. 139, 51 Pac. 38;
*Estate of Cavarly*, 119 Cal. 406, 410, 51 Pac. 629; *Estate of
Fair*, 132 Cal. 523,[2] 64 Pac. 1000; 22 Am. & Eng. Ency. of
Law, 2d ed., 720; *Haynes* v. *Sherman*, 117 N. Y. 433, 22 N. E.
938; *Field* v. *Field*, 4 Sandf. Ch. 528; *Penfield* v. *Tower*, 1
N. Dak. 216, 46 N. W. 413.) As to such void trust, the
testator must be deemed to have died intestate, and the prop-
erty goes to the heirs at law, it being no part of the resid-
uary clause. (13 Am. & Eng. Ency. of Law, 1st ed., pp.
48, 52; *Stratton* v. *Physio-Medical College*, 149 Mass. 509,
21 N. E. 874;[3] *Estate of Walkerly*, 108 Cal. 627,[4] 41 Pac. 772;
*Ward* v. *Dodd*, 41 N. J. Eq. 414, 5 Atl. 650; *Collins* v. *Bergen*,
42 N. J. Eq. 57, 6 Atl. 284.)

J. C. Bates, for Respondent.

The residuary devise gave a fee-simple title to all the
residue of the estate, including the lot in controversy, and
the plaintiffs have no share therein. (Civ. Code, secs. 654,
678 et seq., 762, 1311, 1332-1333; *Estate of Grannis*, 142
Cal. 7, 75 Pac. 324; *Estate of Uphams*, 127 Cal. 92, 93, 59
Pac. 315; *Gleason* v. *Fayerweather*, 4 Gray (Mass.) 348-352;

[1] 49 Am. St. Rep. 97.        [3] 14 Am. St. Rep. 442.
[2] 84 Am. St. Rep. 70.        [4] 49 Am. St. Rep. 97.

*Ide* v. *Ide,* 5 Mass. 503; *Godfrey* v. *Humphrey,* 18 Pick. 537;[1] *Banzer* v. *Banzer,* 156 N. Y. 429, 51 N. E. 291; *Trunsky* v. *Van Sant,* 176 N. Y. 543, 68 N. E. 946; *Matter of Bonnet,* 113 N. Y. 524, 21 N. E. 139; *Lamb* v. *Lamb,* 131 N. Y. 227, 30 N. E. 133; *In re Murphy's Estate,* 184 Pa. St. 310,[2] 39 Atl. 70; *English* v. *Cooper,* 183 Ill. 203, 55 N. E. 687; *Molineux* v. *Raynolds,* 55 N. J. Eq. 187, 36 Atl. 276.)

LORIGAN, J.—This is an action brought to establish the title of plaintiffs to an undivided two-fifteenths interest in a lot of land at the corner of Geary and Mason streets, in the city of San Francisco.

The complaint alleges that plaintiffs—two children of a deceased daughter of one John Murphy, deceased—and the defendants—his widow and four children—constitute his sole heirs at law; that said John Murphy died in the city and county of San Francisco in 1902, leaving as part of his estate, and as his separate property, the lot above mentioned; that a document purporting to be his last will was admitted to probate by the superior court of the city and county of San Francisco in November, 1902, and letters testamentary were issued to his widow, Anna J. Murphy, one of the defendants; that by said will, after leaving legacies to plaintiffs and others, he provided that:—

"All the rest and residue of my property wherever situate, I give, devise and bequeath to my wife and four children, Julia L., John L., Charles S. and Marian C. Murphy in the following proportions, that is to say:

"To my wife one undivided one-third and to my said children two-thirds thereof, and in case any one or more of my said children die without issue, before final distribution, then his or her share is to go to my children surviving equally. My executor is hereby authorized and empowered to sell and convert into cash my real estate I die seized of, the lot of land S. E. corner Geary and Mason streets excepted.

"It is my express wish and desire that said lot of land at said corner of Geary and Mason streets be kept and rented for the support of my wife and children until Marian arrives at the age of 18 years or twelve years from date of this will. I expressly authorize and empower my executor hereinafter

[1] 29 Am. Dec. 621.        [2] 63 Am. St. Rep. 802.

named or either of them who qualify, to mortgage the said lot at S. E. corner of Geary and Mason streets, to raise money to pay lessee of the building or his assigns, and also to renew the mortgage now on said property if it is necessary.

"It is my express wish that if any one named in this will contests the same he or she take nothing under this will."

It is then specially alleged that the provision of said will as to the lot in question, is invalid and void, and that on account of such invalidity the testator died intestate as to that particular property.

Then follows the prayer for a decree establishing their title to undivided interests in said lot of land as heirs at law of said decedent.

Defendants interposed a general demurrer to the complaint, which was sustained by the lower court, and, plaintiffs declining to amend, judgment was entered against them. This appeal is taken from said judgment for the purpose of reviewing the order sustaining the demurrer.

It is conceded on both sides that the sufficiency of this complaint is to be determined from a consideration of the provisions of the will of the testator. Appellants insist that the provision of that instrument relative to the lot in question makes an attempted disposition of it by way of a trust which unlawfully suspends the power of alienation, and hence is void; and that such attempted disposition being invalid, the residuary clause contained in the will is ineffectual to pass said lot to the devisees named therein, and hence it descended to the heirs at law of testator as a portion of his estate of which he died intestate.

It will be thus observed that in order to give appellants · any standing under their complaint it would be necessary to determine in their favor, first, that this alleged trust provision is void, and, second, that the residuary clause was ineffectual to pass the lot affected by it.

On the part of respondents, while it is contended that, as far as the particular provision affecting the lot in question is concerned, it does not create a trust, or, if it does, that the trust is valid, it is insisted beyond all this, that, conceding the provision does create a trust, and that such a trust is invalid as claimed by appellants, still the residuary clause is effective to pass the property to respondents as residuary

devisees thereunder, and hence appellants have no rights to it, which they can assert under their complaint.

We are inclined to agree with respondents in the view they take of the effect to be given to this general residuary clause.

It is proper to say at this point, that while as we proceed we shall refer to the provision relative to the lot in question as the "trust provision," or "trust clause," it is not to be understood therefrom that we decide that the terms of that provision constitute a trust. The view we take of the residuary clause makes it unnecessary for us to do so. We simply use the terms for convenience sake, and, as assuming for the purposes of the decision, the construction the appellants place on such provision.

To return to the residuary clause. It is not questioned but that under a general residuary clause in a will the devisees therein, and not the heirs at law, take all property described in a particular devise which for any reason fails to be effectual. This rule is so declared by our code which provides that: "A devise of the . . . testator's real property passes all the real property which he was entitled to devise at the time of his death not otherwise effectually devised by his will." (Civ. Code, sec. 1332; *Estate of Upham,* 127 Cal. 92, 59 Pac. 315.)

But it is claimed by appellants that this rule only applies to an unqualified residuary bequest of the whole of the residue of the estate, and it is particularly insisted that the residuary clause in question here disposed absolutely of only a portion of the residue of the estate,—namely, all that portion except this lot; that as to this lot it was the declared intention of the testator to take it out of the residuum of his estate and otherwise dispose of it; and that having failed to accomplish this purpose, by reason of the invalidity of the provision by which it was attempted, the residuary clause does not apply to it, and the residuary devisees do not take it to the exclusion of the heirs at law.

We do not think this claim has any force when there are applied to the provisions of the will in question, and particularly these clauses, the ordinary canons of testamentary construction.

The qualification to the general rule which appellants claim is applicable to the residuary devise here, only obtains when it is apparent from all the provisions of a will, or from a

particular provision thereof, that it was the intention of the testator to entirely exclude a certain portion of his estate from the operation of the residuary clause; that is, it must be manifest from the provisions of the will that in no event was that portion intended to fall within the residuary clause.

It is not enough that it appears from a clause of the will, simply that the testator intended to make a particular devise of a portion of his estate which, however, for some reason, failed to be effectual; because, if that were the rule, it would apply to every lapsed or invalid bequest, and the residuary clause could never be effectual to carry it.

On the contrary, it must appear unequivocally that it was the intention of the testator, not only to make a particular devise, but it must further appear from the terms of such devise, or from other provisions of the will, that it was the intention of the testator, that the residuary clause should not in any event carry such bequest should it become inoperative for any reason. The intention to include all ineffectual bequests in the residuary clause is presumed; the intention to exclude must appear from appropriate language evidencing that intention, or by clear implication. The making of a will raises a presumption that the testator intended to dispose of all his property. Residuary clauses are generally inserted for the purpose of making that disposition complete, and these clauses are always to receive a broad and liberal interpretation, with a view of preventing intestacy as to any portion of the estate of the testator, and this general rule is in harmony with the declaration of our code that the provisions of a will must be construed, if possible, so as to effect that purpose. (Civ. Code, sec. 1326.)

Applying these rules of interpretation to the clauses of this will now under consideration. we are satisfied that it must be held to have been the intention of the testator that his estate, save what was previously given as legacies to the appellants and others, should go to his wife and children as the residuary devisees, and that this would include the lot in question if the trust clause relative thereto should, for the reasons urged by appellants, be held void.

The testator, by the residuary clause of his will, in the first instance made an absolute disposition of "all the rest and residue" of his property "wherever situate," which included

the lot in question, in favor of his wife and children, in specified proportions. He thus, by clear and comprehensive language, gave expression to his general intention that they should take all the residue of his estate without limitation or qualification. By a subsequent clause he endeavored to create a trust with reference to a portion of said residue—this lot—and thereby place a limitation on the absolute devise thereof previously made. But it will be observed that this trust clause itself does not attempt to withdraw this lot entirely from the previous disposition made of it in the general residuary clause, and to make, as contended by appellants, a separate, different, and absolute disposition of it. It withdraws it only to the extent that is necessary to accomplish the purposes of the trust which is created relative to it. While under the general residuary clause, the devise of this particular property by the testator in favor of his wife and children is absolute, under the trust provision a limitation is placed upon this absolute devise, and it only becomes effectual as such upon the termination of the trust. The estate in it, however, to which they ultimately succeed, is vested in them under the general devise, and not under the terms of the trust, because the trust makes no provision as to where the fee in this property shall go on its determination. There can be no question on this point if it be assumed that the trust is valid.

And if it be conceded, as claimed by appellants, that the trust is void, still its provisions must be taken into consideration for the purpose of determining—not only how far they were intended to affect the absolute estate in this property originally invested in the devisees under the residuary clause—but for the additional purpose of ascertaining from them, considered in connection with the other provisions of the will, whether it was the intention of the testator, if for any reason the trust provision was inoperative, that the property affected by it should not pass under the general residuary clause in which it was first incorporated.

Now, there is certainly nothing in the terms of this trust which would indicate that it was the intention of the testator by its creation, that in no event was the property affected thereby to pass under the general residuary clause. On the contrary, the reasonable inferences to be deduced from all the provisions of the will are that he did so intend, and no

other reasonable conclusion can be arrived at when we apply to those provisions the rules of interpretation heretofore invoked.

That the testator intended to dispose of all his property under his will is not left to presumption. The comprehensive language of the residuary clause itself discloses this, and the further clause excluding any beneficiary under the will from taking the bequest given to him, should he contest the will, emphasizes this intention.

He had, in addition to bequests to others, provided for the payment of legacies to these appellants, which provision in their favor precludes any idea that he intended they should, for any reason, take anything further of his estate. Having made these gifts, the testator then plainly manifested, under the general residuary clause and the subsequent trust provision, an intention to dispose of all the residue of his estate for the exclusive benefit of his wife and children. To that end he made, in the first instance, an absolute devise to them of all the residue of his property, thereby evincing in explicit language, a general intention that they should take it to the exclusion of all others. A subsequent provision creating a trust as to a portion of this residue was equally and exclusively for their benefit and advantage. At least, the testator so intended, and his intention is all we are now concerned with.

As then, the general residuary clause was plainly intended by the testator, in the first instance, to carry absolutely all the residue of his estate to the devisees named therein, and the trust created by a subsequent clause, even if void, still discloses that its provisions were exclusively for the benefit of the same persons named in the residuary clause, it is only a reasonable presumption to be indulged in that the testator intended, if the subsequent trust provision as to part of the residue of his estate should for any reason become inoperative, that the property mentioned therein should lapse into the general residuary devise from which it was taken, and pass to the respondents as residuary devisees thereunder.

When we observe that, under both the general residuary clause and the trust provision, the testator was providing solely for the distribution of the residue of his property in favor of his wife and children, there is no room for any other

presumption than that he intended the prior absolute devise to prevail in the event that the subsequent trust provision became ineffectual.

Concluding then, as we do, that even if the trust provision is void, still the lot affected by it passed to the respondents as devisees under the general residuary clause, by which it was first absolutely devised, and not to the heirs at law of the testator, it is obvious that any question as to the validity or invalidity of the trust, or whether the provision constitutes a trust, is necessarily eliminated from consideration. That question is one which, under the conclusion we have reached, as to the effect and operation of the residuary clause, can affect the residuary devisees alone, and is one in which the appellants or heirs at law can now have no further interest or concern.

The demurrer to the complaint was properly sustained and the judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.