[S. F. No. 9144.  Department Two.—May 27, 1920.]

In the Matter of the Estate of MARGARET HALL, De-
ceased.  MICHAEL O'BRIEN, etc., Appellant, v.
NELLIE HALL MALCOMB et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—PAYMENT OF DEMANDS—PROPERTY
NOT DISPOSED OF BY WILL.—Property not disposed of by will
should be first resorted to for the payment of demands against
the estate, because the law endeavors to carry out the intent of
the testator as far as possible, and, therefore, property not dis-
posed of should be so applied as to render it certain that the dis-
positions actually made by the testator will be effective.

[2] ID.—LAPSED RESIDUARY LEGACIES—PAYMENT OF DEBTS.—Where
three of the ten persons to whom the residue of an estate was
bequeathed and devised predeceased the testatrix, the court prop-
erly ordered, in view of section 1359 of the Civil Code, that the
debts of the estate be paid exclusively out of such lapsed legacies.

APPEAL from a decree of distribution of the Superior
Court of the City and County of San Francisco.  J. T.
Nourse, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Shelton & Levy and Steinhart, McAtee & Levy for Appel-
lant.

Robert C. Porter for Respondents.

LENNON, J.—This is an appeal from that portion of the
decree of final distribution in the *Estate of Margaret Hall*
which directs that the debts and expenses of administration
be paid exclusively out of certain residuary legacies which
failed of disposition by reason of the death of some of the
residuary legatees prior to that of the testatrix.  The will
of decedent, after creating a number of specific and general
legacies, contains the following residuary clause: "All the
rest, residue and remainder of my estate, I give, bequeath and
devise in equal shares to the following ten persons . . ."
Three of the ten persons named predeceased the testatrix.
As they were not related to the testatrix and there was no
provision in the will for the disposition of their shares in

the event of their death, the legacies lapsed and as to three-tenths of the residue deceased died intestate. (*Estate of Kunkler,* 163 Cal. 797, [127 Pac. 43].) The trial court directed that the debts and expenses of administration be paid entirely out of the three lapsed legacies. Appellant is the brother of the testatrix and entitled as one of the heirs at law to participate in the lapsed three-tenths of the residue. The sole question presented on appeal is whether the debts and expenses of administration should be paid entirely out of the lapsed residue or whether the shares of the seven surviving residuary legatees should abate equally with the three lapsed shares which go to the heirs at law.

Appellant asserts that the charges against the estate must be paid from the general assets of the estate; that, it is a solecism to speak of paying debts and charges out of part of the residue because the residue cannot be ascertained until all debts and expenses of administration as well· as legacies have been paid, and that, by charging the debts against the lapsed portion of the residue, the decree has, ·in effect, distributed to the surviving residuary legatees a substantial part of the shares which lapsed.

[1] The general rule is that property not disposed of by the will should be first resorted to for the payment of all demands against the estate. This is so for the reason that the law endeavors to carry out the intent of the testator as far as possible and, therefore, property not disposed of by the will should be so applied as to render it certain that the dispositions actually made by the testator will be effective. (*In re Bradley's Will,* 123 Wis. 186, [3 Ann. Cas. 716, 101 N. W. 393].) There are cases which hold, however, that when the undisposed property constitutes part of the residue, there is an exception to ᵇthe general rule that the demands against the estate are paid out of the property undisposed of by the will. (*In re Bradley's Will, supra; Tretheway* v. *Helyar,* L. R. 4 Ch. D. 53; *Eyre* v. *Marsden,* 4 Mylne & C. 231, 243, [41, Eng. Reprint, 91].) This exception does not prevail in California.

Section 1516 of the Code of Civil Procedure and section 1358 of the Civil Code of California make the entire estate chargeable with the debts and expenses of administration "except as otherwise provided" in the Civil Code or Code

of Civil Procedure. In the absence of any other statutory regulation in regard to the payment of debts it is apparent that all legacies would be reduced in equal proportion by the charges thus imposed. These sections, however, are supplemented and modified by other code sections, the obvious aim of the arrangement being to satisfy the charges against the estate with the least possible interference with the express dispositions of the testator. Accordingly, section 1563 of the Code of Civil Procedure contains the provision that "specific devises or legacies are exempt from such liability if it appears to the court necessary to carry into effect the intent of the testator, and there is other sufficient estate." Section 1562 of the Code of Civil Procedure provides: "If the provision made by the will, or the estate appropriated therefor, is insufficient to pay the debts, expenses of administration, and family expenses, that portion of the estate not devised or disposed of by the will, if any, must be appropriated and disposed of for that purpose, according to the provisions of this chapter." The most specific provision for the order of resort for the payment of debts and expenses of administration is contained in section 1359 of the Civil Code, and that order is as follows:

"One. The property which is expressly appropriated by the will for the payment of the debts;

"Two. Property not disposed of by the will;

"Three. Property which is devised or bequeathed to a residuary legatee;

"Four. Property which is not specifically devised or bequeathed; and,

"Five. All other property ratably."

A lapsed legacy, whether residuary or otherwise, is property not disposed of by will, and it is for that reason alone that it goes to the heirs. (Civ. Code, sec. 1343.) It would therefore seem in consonance with the above code provisions and the underlying theory of distribution and administration, that the charges against the estate should be paid entirely from the lapsed residuary legacies.

The theoretical objection urged against this conclusion is that there can be no "residue" in an estate until all charges against the estate, as well as all specific and general legacies have been discharged and satisfied. That this is not the nec-

essary connotation of "residue" is evidenced by the code
definition of the term "residuary legacy." Section 1357,
subdivision 4, of the Civil Code defines a residuary legacy
as follows: "A residuary legacy embraces only that which
remains after *all the bequests of the will are discharged.*"
In other words, "residue" in its broadest sense includes all
the property which is not otherwise devised or bequeathed.
It is true that the term "residue" is often applied to
"that part of it [the estate] left after paying the debts
of testator and the expenses of administration and undis-
posed of by the rest of the will." (Page on Wills, sec. 507.)
This is frequently the significance of the word, for the reason
that in many cases there is a general residuary clause into
which all of the property otherwise undisposed of falls.
(*O'Connor* v. *Murphy,* 147 Cal. 148, 153, [81 Pac. 406].)
In such a case there is no property undisposed of by the
will, and, if there is no provision for the payment of debts
in the will, property which would otherwise go to the resid-
uary legatees is, under the law, appropriated to the pay-
ment of debts. However, section 1359 of the Civil Code,
as we have seen, provides, in effect, that if there is any
property not disposed of by the will, that is to be taken
for the payment of debts before the property which is be-
queathed to a residuary legatee. Under the definition
adopted by section 1357 it is not necessary to deduct the
charges against the estate before the residue is ascertainable.
[2] There is no inconsistency, therefore, in holding that
portions of the residue undisposed of by the will must be
used for the payment of charges before resort may be had
to the residuary legacies effectually devised or bequeathed.
The fallacy in the position of appellant arises from a failure
to distinguish between the distribution of the property in
accordance with the terms of the will and the payment of
debts as provided by law. The court first determines the
rights of the parties under the will and then applies the
law with relation to the payment of indebtedness. The
latter is purely an incident of administration enforced by
the law and should so operate as to cause the minimum
amount of disturbance to the rights of the parties under
the will.

The charges must be paid entirely from the property undisposed of by the will, namely, three-tenths of the residue, and the decree is therefore affirmed.

Wilbur, J., and Sloane, J., concurred.

Hearing in Bank denied.

All the Justices concurred.