[Civ. No. 4501. Third Appellate District.—October 19, 1931.]

H. W. ZAGOREN, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

H. W. Zagoren, *in pro. per.*, and James F. Gaffney for Petitioner.

Devlin, Devlin & Diepenbrock for Respondents.

PRESTON, P. J.—This is an original proceeding in *mandamus*. The facts are briefly these: On the second day of May, 1922, Henrietta de Bach Myers was, by an order of the Superior Court in and for the County of Sacramento, appointed administratrix of the estate of her deceased husband, L. W. Myers. Mrs. Myers duly qualified and continued to act as administratrix of her husband's estate until June 19, 1925, when she was permitted by the court to resign. The California Trust and Savings Bank, a corporation, was appointed by the court administrator of said estate in her place and stead.

The California Trust and Savings Bank immediately qualified and took over the administration of said estate and continued to act as administrator until on or about January 20, 1931, when it resigned. Louis J. Myers was thereafter appointed administrator of said estate and is now the duly appointed, qualified and acting administrator of said estate.

From the fourth day of November, 1923, to June 4, 1929, George L. Popert and petitioner, H. W. Zagoren, were the regularly employed attorneys for Mrs. Myers and the California Trust and Savings Bank in all matters connected with the administration of said estate. Said estate consisted largely of real property valued at more than $1,000,000, but heavily encumbered. Petitioner and Mr. Popert performed the ordinary legal services connected with the administration of said estate, and also performed extraordinary services in connection therewith during the time that they were attorneys for the above-named two administrators. They were paid on account of their commissions during this time the sum of $5,250.

On or about the said fourth day of June, 1929, said Superior Court, upon the petition of the California Trust

and Savings Bank, discharged said petitioner and Popert as attorneys of record for California Trust and Savings Bank as such administrator and substituted the firm of Devlin, Devlin & Diepenbrock, as attorneys of record for said administrator. Thereafter, and on the twentieth day of January, 1931, the petitioner, H. W. Zagoren, petitioned said Superior Court for a further allowance of attorney's fees for services rendered, under the provisions of section 1616 of the Code of Civil Procedure. This petition, the application of California Trust and Savings Bank for permission to resign as administrator of said estate and the petition of Louis J. Myers to be appointed administrator of said estate in the place and stead of California Trust and Savings Bank all came on for hearing before the court at the same time.

The application of petitioner for further attorney's fees was contested by the California Trust and Savings Bank, but during the hearing of these three petitions it was stipulated by all the parties concerned in open court that the application for attorney's fees should be deemed to have been made *prior to the acceptance of the resignation of the California Trust and Savings Bank* as administrator and the appointment of Louis J. Myers as administrator to continue the administration of said estate. The court allowed petitioner herein the sum of $4,000 as additional attorney's fees, $2,000 for ordinary services and $2,000 for extraordinary services, a portion of said order reading as follows:

"Let an order be entered allowing petitioner, against and out of said estate and in payment of legal services rendered therein, the sum of $2,000.00 for ordinary services, and the sum of $2,000.00 for extraordinary services."

No appeal was taken from this order and it has become final.

The California Trust and Savings Bank was permitted to resign, its accounts were settled and approved by the court and Louis J. Myers was appointed administrator and qualified in its place and stead, and all property belonging to said estate was turned over· to Louis J. Myers, the last administrator.

Petitioner's attorney's fees so allowed were not paid. He applied to the county clerk of the county of Sacramento for a writ of execution to be issued against the California Trust and Savings Bank, which was denied, and thereupon

this proceeding was instituted to compel the county clerk and *ex-officio* clerk of the Superior Court of Sacramento County to issue a writ of execution in favor of petitioner Zagoren and against the California Trust and Savings Bank, a corporation, to enforce payment of said sum of $4,000, together with interest, under the provisions of section 1649 of the Code of Civil Procedure.

The personal liability of the California Trust and Savings Bank for the payments of this $4,000 due petitioner is the only question that need be determined in this proceeding. We are satisfied that since the amendment of sections 1616 and 1619 of the Code of Civil Procedure, in 1905 and 1909 (Stats. 1905, pp. 727 and 776; Stats. 1909, p. 987), an executor or administrator is not personally liable for the payment of attorney's fees in probate matters, but such fees are now proper expenses of administration, payable like other expenses of administration. This conclusion is not only irresistible from a reading of the statutes as amended, but also by the following authorities: *Estate of Kelleher,* 205 Cal. 757 [272 Pac. 1060, 1063]; *Chapman* v. *Pitcher,* 207 Cal. 63 [276 Pac. 1008, 1010]. In the last-mentioned case the court said:

"The earlier cases of this court cited by appellant to the effect that an administrator or executor of an estate is personally liable for the payment of attorneys' fees in probate matters were decided before the change was brought about by the adoption of the amendment and the enactment of statutes which revised the whole system of claims against estates and more particularly placed attorneys in their relation to estates on a basis similar to that of executor or administrator."

In *Estate of Kelleher, supra,* the court said: "The fees for attorneys' services, being a proper expense of administration are payable like the other expenses of administration, and are *not a personal charge against the executor.*"

Petitioner argues that the court's order allowing him $4,000 additional compensation made him a creditor of said estate and also constituted an order on the administrator for its payment, and payment having been refused by California Trust and Savings Bank, the then administrator, said bank, became personally liable under section 1649 of the Code of

Civil Procedure, and he was entitled to have execution issued against the bank to enforce payment.

This argument is ingenious, but we believe unsound, in view of the provisions of the court's order and the undisputed facts as to the condition of said estate of L. J. Myers, deceased. In the first place, section 1616 of the Code of Civil Procedure, under which the court made the order provides that the administrator "pay such attorney out of the estate", etc. In the second place, the order of the court specifically provides that payment and allowance to petitioner of said $4,000 be paid "out of said estate".

Furthermore, the California Trust and Savings Bank did not have in its possession any money belonging to said estate with which payment to petitioner could have been made. In fact, the estate being administered consisted almost entirely of real estate heavily encumbered and there was no money belonging to said estate to pay any of the creditors, and the same condition apparently prevails at the present time.

We think section 1649 of the Code of Civil Procedure (now section 954 of the Probate Code) must be considered with the other sections of the same code with reference to the payment of creditors of an estate, and when so considered, it (sec. 1649, Code Civ. Proc.) presupposes that there are funds available for the payment of the creditors. Where the funds are available and the court orders the administrator to pay them, and he either deliberately refuses to pay the creditors or dissipates the estate's money, then and under such circumstances, he is personally liable to the creditors and execution may issue. But we think said section has no application under the unusual circumstances here presented.

Certainly an administrator of an estate cannot be held *personally liable* for the payment of a creditor's claim against the estate, simply because such creditor has an order for its payment from the court, when said administrator or executor has no funds belonging to the estate with which to pay the creditors. The administrator or executor must refuse to make payment to the creditor after he has funds, or should have funds available for such purpose and after the court has directed him to pay such creditor, before he and his bondsmen are personally liable. Otherwise, an administrator or executor could be compelled, without fault

on his part, to advance his own personal funds to pay creditors of the estate he was administering, and sometimes, perhaps, when such estate was insolvent. This was certainly not the construction intended by the legislature to be placed on said section 1649 of the Code of Civil Procedure. Petitioner herein will have to look to the assets of the estate for the payment of his claim, and he is not without remedy to enforce payment if the estate is not insolvent. This conclusion on our part makes it unnecessary to give consideration to the other points raised by respective counsel in this proceeding.

We think the petition should be denied and the alternative writ discharged, and it is so ordered.

Thompson (R. L.), J., concurred.

Plummer, J., deeming himself disqualified, did not participate in this decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 18, 1931, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1931.