[Civ. No. 4654.   Third Appellate District.—April 25, 1933.]

R. PLATNAUER, Respondent, v. NETTIE L. FORNI et al., Appellants.

Bradford, Cross & Prior and S. H. Jones for Appellants.

R. Platnauer, *in pro. per.*, for Respondent.

THOMPSON, J.—This is an appeal from a judgment rendered against the distributee of an estate, for attorney's fees for services performed with the acquiescence of the executrix, which employment was not completed at the time of final distribution.

The respondent is an attorney at law. He was employed by Alexander F. Forni as an associate counsel with other attorneys in the prosecution of three important civil actions. Pending the trial of these cases, Forni died. His surviving widow, Nettie L. Forni, who is one of the defendants in this action, was appointed executrix of his estate. The respondent did not represent the executrix in the probating of the estate. There is ample evidence to indicate that subsequent to her appointment as executrix of the estate of her deceased husband, Nettie L. Forni ratified the employment of respondent as one of the attorneys in the civil actions and accepted the benefit of his legal services in behalf of the estate; that these actions were terminated favorably to the interest of the estate, but were not completed until after distribution of the estate had been made; that the residue of the estate valued at $200,000 was distributed to the widow of said deceased; that the respondent had no knowledge of the proposed distribution of the estate until after the decree had been rendered, and that the probate court had no knowl-

edge of the pending litigation or the unpaid counsel fees at the time of distribution.

After the termination of the civil suits, the respondent demanded of the defendant Nettie L. Forni, payment of his fees. This was refused on the claim that he was employed by the other associate lawyers to assist them, and that he did not represent the executrix. This suit was then instituted against Mrs. Forni, the distributee of the residue of the estate of her husband on the theory that she ratified respondent's employment and accepted the benefit of his legal services in behalf of the estate, and that she wrongfully procured a settlement of the final accounts of the estate representing that all debts and expenses of administration had been paid, and obtained distribution of the residue of the estate to herself before the legal services of the respondent were completed and without notice of the distribution or knowledge thereof on his part. The other attorneys were made parties defendant because they did not join respondent as plaintiffs in the action.

Upon trial, the court found that the respondent was employed by Nettie L. Forni, as executrix of the estate, together with the other attorneys, and that he performed legal services for the benefit of the estate of the reasonable value of $700, no part of which had been paid. All of the allegations of the complaint were found to be true. Judgment was accordingly rendered against her for that sum. Judgment for costs only was rendered against the other defendants. From this judgment all of the defendants have appealed.

The appellants contend that under the provisions of section 1619 of the Code of Civil Procedure, now section 910 of the Probate Code, an administrator or executor is not personally liable for the payment of attorney's fees for services rendered in behalf of an estate, but upon the contrary that compensation for such services is a proper charge against the estate as a necessary expense thereof. In support of this claim the cases of *Kelleher's Estate*, 205 Cal. 757 [272 Pac. 1060], and *Zagoren* v. *Superior Court*, 117 Cal. App. 548 [4 Pac. (2d) 279], are cited. It is accordingly asserted the probate court has exclusive authority to allow claims for such counsel fees and that a court of equity has no jurisdiction thereof. It is also asserted that

neither the pleadings, the findings nor the evidence supports the judgment.

■ The complaint alleges facts sufficient to constitute an equitable cause of action against the defendant Nettie L. Forni personally. It recites that the respondent was employed by Alexander F. Forni, together with other attorneys, to represent him in three civil actions; that pending the trial of these cases Forni died; that his surviving widow, Nettie L. Forni, was appointed executrix of his estate; that as such executrix she thereafter employed these attorneys, including the respondent, to continue their employment until the civil actions which involved property belonging to the said estate were completed; that the respondent did not represent the executrix in the probating of the estate; that without notice to or knowledge on the part of respondent, the executrix procured a decree of the probate court settling her final account in the estate of her husband, representing to the court that all debts and expenses of administration had been paid, and procured final distribution to herself of the residue of the estate valued at $200,000; that the executrix was thereupon discharged; that at the time of distribution the pending litigation had not been completed, as the executrix well knew; that she procured distribution of the estate and her discharge as executrix to defeat respondent's claim for services against the estate, and that his legal services were reasonably worth the sum of $2,000. No demurrer to this complaint was filed.

These facts, in the absence of a demurrer, constitute a good equitable cause of action, establishing a resulting trust which is founded on extrinsic fraud so as to charge the executrix personally with the obligation to pay for the legal services rendered in behalf of the estate.

■ While it is true the prayer of the complaint fails to ask for an adjudication that a resulting trust founded upon extrinsic fraud was created, the allegations of the pleadings necessarily include that issue, and the cause was tried upon the theory that it was involved in the litigation. The nature of an action must be determined from a consideration of the pleadings as a whole. While the prayer should be considered, together with the allegations of the pleadings in determining the nature of an action, it is not necessarily controlling. The theory upon which an

action is mutually tried by respective litigants may determine the nature of the cause. (15 Cal. Jur. 335, sec. 12; *Woolsey* v. *Woolsey,* 121 Cal. App. 576 [9 Pac. (2d) 605]; *Cree* v. *Lewis,* 49 Colo. 186 [112 Pac. 326].)

In the present case it was unnecessary to specifically find that a resulting trust was created by the fraud of the executrix for the reason that the allegations of the complaint were sufficiently clear and unambiguous to present that issue, and the court did find that all the allegations of the complaint were true. (*Fritz* v. *Mills,* 170 Cal. 449, 459 [150 Pac. 375]; *Ferguson* v. *Koch,* 204 Cal. 342, 348 [268 Pac. 342, 58 A. L. R. 1176]; *MacMurtry* v. *Fraties,* 84 Cal. App. 401 [258 Pac. 120]; *Tabler* v. *Harlin,* 106 Cal. App. 74 [288 Pac. 823].) In the case last cited, it is said: "When the allegations of a pleading are specific and certain, a general finding, by reference to the pleading, that all of the statements are true is sufficient to support the judgment."

When a judgment is fully supported by the findings which are adopted by the court, a failure to specifically find upon a material issue does not necessarily require a reversal of the cause, when it is apparent that the court, in support of the judgment, would be required to adopt a finding adverse to the appellant. (2 Cal. Jur. 1033, sec. 614; *Jianou* v. *Pickwick Stages System,* 111 Cal. App. 754 [296 Pac. 108].) A host of authorities supports this declaration of law. In the present case all of the allegations of the complaint were found to be true. It is apparent that the court would therefore be compelled to adopt findings adverse to the appellant upon this issue in order to support its judgment and general findings. The omitted finding is therefore not prejudicial.

It is ordinarily true under the statute as it now exists, that an administrator or executor of an estate is not personally liable for the payment of attorney's fees for services performed in behalf of an estate, or for other costs of administration. Upon the contrary, such costs and expenses are a proper charge against an estate, which must be paid in the course of administration. (Sec. 910, Probate Code; sec. 1619, Code Civ. Proc.; *Estate of Kelleher,* 205 Cal. 757 [272 Pac. 1060]; *Zagoren* v. *Superior Court,* 117 Cal. App. 548 [4 Pac. (2d) 279].) But when the executor employs an attorney to conduct litigation in behalf of

the estate and accepts the benefits of his services, and procures a final settlement of accounts by wrongfully representing that all debts and expenses have been paid, and secures distribution of the residue of the estate to himself and obtains a final discharge from his trust before the litigation is terminated in order to defeat a legitimate claim against the estate, he is guilty of fraud which prevents the attorney from presenting his claim for allowance to the probate court, and thereby creates a personal liability against the executor for the payment of the obligation. When the probating of an estate is closed pending the prosecution of litigation in its behalf, and an attorney is thereby prevented from presenting his claim for allowance to the estate through extrinsic fraud of the executor to whom the residue of the property of the estate is distributed, he becomes personally liable for the obligation. Equity has jurisdiction under such circumstances to enforce the claim against the representative of the estate. If this were not true the machinery of the probate court would become an engine for the perpetration of fraud. This does not divest the probate court of its exclusive jurisdiction over the probate proceedings or its province to ascertain and allow all legitimate claims against the estate for costs and expenses of administration. It merely furnishes an equitable remedy for a breach of trust on the part of an executor or an administrator.

█ The decree of distribution is ordinarily final and conclusive as to the rights of all heirs, devisees and legatees. (Sec. 1021, Probate Code; *Wm. Hill Co.* v. *Lawler,* 116 Cal. 359 [48 Pac. 323].) It is not conclusive against a distributee of the property of the estate who procures it by means of extrinsic fraud. (*Clavey* v. *Loney,* 80 Cal. App. 20 [251 Pac. 232]; *Sohler* v. *Sohler,* 135 Cal. 323 [67 Pac. 282, 87 Am. St. Rep. 98].) Where the conduct of an executor prevents an attorney who is conducting litgation in behalf of an estate from presenting his claim for allowance to the probate court, it may be deemed to constitute extrinsic fraud, and an equitable action for compensation against the representative who perpetrates the wrong is not a collateral attack upon the decree of distribution. (*Clavey* v. *Loney, supra; Flood* v. *Templeton,* 152 Cal. 148 [92 Pac. 78, 13 L. R. A. (N. S.) 579]; *Stille* v. *Stille,* 121 Kan. 591 [249 Pac. 672]; *Beatty* v. *Beatty,* 114 Okl. 5 [242 Pac. 766, 770];

*Garrett* v. *Minard,* 82 Kan. 338 [108 Pac. 80].) In the case last cited, it is said extrinsic fraud is such acts or conduct as prevents the aggrieved party from having an opportunity for a fair submission of the controversy. Moreover, it will be observed that in the present case there is no attack upon the validity of the decree of distribution. An independent equitable remedy is sought against the distributee of an estate for wrongful conduct on her part which prevented the attorney from presenting his claim for allowance to the estate.

The appellants contend that respondent may not complain of his lack of knowledge of the final distribution of the estate because he was negligent in failing to serve upon the executrix, pursuant to the provisions of section 1202 of the Probate Code, formerly section 1380 of the Code of Civil Procedure, a written request for personal notice of the probate proceedings. This section provides in part: ''At any time after the issuance of letters testamentary or of administration, any person interested in the estate, whether as heir, devisee, legatee, creditor, beneficiary under a trust, or as otherwise interested, . . . may . . . serve upon the executor or administrator or trustee, or upon the latter's attorney . . . a written request stating that he desires special notice of the filing of any or all of the petitions, accounts or reports mentioned in section 1200 of this code, and giving the postoffice address of the person making the same, or his attorney. Thereafter such person shall be entitled to notice as provided in said section 1200.''

The failure to serve a request for such notice did not constitute negligence on the part of the respondent. He was not a creditor of the estate at the time of distribution. The litigation which he was prosecuting in behalf of the estate was not then concluded. His claim for compensation had not yet accrued. He was not then entitled to present his claim to the probate court for allowance in the estate.

An attorney is not ordinarily entitled to a claim for legal services until his work is fully performed and his employment is fulfilled. (*Hancock* v. *Pio Pico,* 47 Cal. 161; *Atchison* v. *Hulse,* 107 Cal. App. 640 [290 Pac. 916] ; *Cullinan* v. *McColgan,* 87 Cal. App. 684 [263 Pac. 353].)

While there is a conflict of evidence regarding the material issues of the case, there is substantial evidence to support

the findings and judgment of the court against the appellant Nettie L. Forni.

The court also rendered judgment against the other defendants, who were merely associate counsel with the respondent in the prosecution of the civil actions, for costs of suit in the sum of $54.65. We are unable to apply any theory of the case upon which the imposition of these costs upon the defendants Bradford, Cross & Prior or the estate of Charles A. Swisler may be lawfully upheld.

The judgment is therefore modified to relieve the defendants Bradford, Cross & Prior and the estate of Charles A. Swisler from the judgment of costs against them in the sum of $54.65. With this modification, the judgment against Nettie L. Forni for the sum of $700 and costs of suit is affirmed, respondent to recover costs on appeal.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 28, 1933.