[Civ. No. 18237. First Dist., Div. Two. Dec. 11, 1958.]

Estate of GRACE R. ANDERSON, Deceased. DANIEL HARTWELL SHATTUCK et al., Plaintiffs and Appellants, v. CROCKER-ANGLO NATIONAL BANK (a National Banking Corporation) et al., Defendants and Appellants.

*Assigned by Chairman of Judicial Council.

40

Elkins & Wright for Plaintiffs and Appellants.

W. Burleigh Pattee, Robert E. Senghas, Chickering & Gregory, Peter S. Sommer and Ronald P. Klein for Defendants and Appellants.

DRAPER, J.—Legatees and heirs at law separately appeal from decree settling second account and of final distribution. The appeal of the legatees raises the question of the proper order of resort to a lapsed legacy for payment of expenses of administration and specific legacies.

The holographic will bequeathed $20,000 to Nat Schmulowitz, $25,000 to F. P. Gray, $10,000 to Mrs. F. P. Gray, $8,000 to the Bide-A-Wee Home for homeless dogs, $3,000 to Fleishhacker Zoo, and provided that "all the rest, residue and remainder" of the estate go in equal shares to Mr. Schmulowitz and Mr. and Mrs. Gray. Mr. Gray predeceased testatrix. Since he was not related to testatrix, both the legacy of cash and the residuary bequest to him lapsed. (Prob. Code, § 92.) The probate court found that the property of the estate "not disposed of by the will" consisted of the $25,000 bequest to Mr. Gray and the one-third of the residue bequeathed to him. It ordered resort, for payment of debts, expenses of administration and pecuniary legacies, first to the $25,000 bequest, and then to the intestate one-third of the residue. The effect of this order is to prevent the lapsed cash bequest from increasing the shares of the surviving residuary legatees. Appellant legatees contend that the lapsed cash bequest falls into the residue, that only one-third of this enhanced residuary legacy is "property not disposed of by the will," and that it is this third to which resort should be had for payment of expenses and legacies. The estate is ample to pay all costs and cash bequests and leave a substantial residue. However, the

course followed by the probate court reduces the share of each of the surviving residuary legatees by $8,333.33, which amount they would receive under their contention.

Where, as here, the will makes no provision for payment of debts and expenses of administration, resort for payment thereof is to be first to "that portion of the estate not disposed of by the will," and only when such property is insufficient is resort to be had to the "property given to residuary legatees." (Prob Code, § 750.) Legacies are to be paid in like order. (Prob. Code, § 751.) If the lapsed bequest of $25,000 became a part of the residue, two-thirds of it clearly is effectively disposed of by the residuary clause of the will, and is not to bear the burden of expenses and legacies until after resort to property not disposed of by the will (one-third of the residue) has been subjected to that burden. Thus the question is whether the residuary clause operated upon the lapsed cash legacy.

A bequest of the residue passes all property "not otherwise effectually . . . bequeathed." (Prob. Code, § 126.) Residuary clauses usually are inserted to effect complete disposition of a testator's property and "are always to receive a broad and liberal interpretation, with a view of preventing intestacy" and to give effect to the presumption that a testator intended to dispose of all his property. (*O'Connor* v. *Murphy*, 147 Cal. 148, 153 [81 P. 406]; *Estate of Lefranc*, 38 Cal.2d 289, 296 [239 P.2d 617].) In the absence of clear expression to the contrary, the residuary legatees "will take whatever may fall into the residue, whether by lapse, invalid disposition, or other reason." (*Estate of Upham*, 127 Cal. 90, 96 [59 P. 315]; *Estate of Kelleher*, 205 Cal. 757, 762 [272 P. 1060].) The fact that the legatee of a failed general or specific bequest is also one of several residuary legatees does not affect the result. In that case, just as when the failed bequest is to one who is not a residuary legatee, the failed bequest falls into the residue. (*Estate of Stauffer*, 142 Cal.App.2d 35 [297 P.2d 1029].) It is clear that the cash bequest to F. P. Gray having lapsed, its amount became a part of the residue. The cash bequest, having fallen into the residue, is disposed of by the residuary clause. The residuary bequest to Gray also lapsed. (*Estate of Kelleher, supra,* 205 Cal. 757, 760; *Estate of Murphy*, 157 Cal. 63 [106 P. 230, 137 Am.St.Rep. 110].)

It is only as to Gray's third of the residue that there is a failure to dispose of the property by will. As to two-thirds of the enhanced residue, there is a disposition. Thus it is

Gray's third of the enhanced residue which must be first resorted to for payment of expenses of administration and cash legacies. (*Estate of Kelleher, supra,* 205 Cal. 757, 761; *Estate of Hall,* 183 Cal. 61 [190 P. 364].) Appellant heirs argue that this result is inequitable. But the will shows that testatrix had no desire to benefit the heirs at law. What they do receive because Gray predeceased testatrix is a windfall, and they cannot well urge unfairness in the fact that this unintended benefit to them is less than they would like.

■ Appellant heirs contend that Mrs. Gray and Schmulowitz lost their right to either cash or residuary legacies by failing to file written statements of interest in a proceeding to determine heirship (Prob. Code, § 1080) concluded long before entry of the order now in issue. But the cash bequests to these legatees had been paid to them under decree of preliminary distribution. No appeal was taken from that decree and the time for such appeal has long since expired. It follows that the decree is final and conclusive. (*Estate of O'Connor,* 158 Cal.App.2d 187 [322 P.2d 616].) ■ As to the residuary legacies to Mrs. Gray and Schmulowitz, the decree determining heirship found each to be entitled to one-third of the residue. That decree also has long since become final. It is therefore conclusive in this proceeding for distribution. (Prob. Code, § 1082.)

Appellant heirs assert error in the probate court's order that the cash bequests should be charged against the property not disposed of by will, i.e., the third of the residue which lapsed upon the death of F. P. Gray. We have already pointed out that this order is in full accord with the established rule. (*Estate of Kelleher, supra,* 205 Cal. 757; *Estate of Hall, supra,* 183 Cal. 61.)

■ Appellant heirs assert that counsel for the executors are entitled to no fees for their services. An executor cannot be compensated for his own services as executor, and also for the services of himself or a firm of which he is a partner as attorneys for the executor, at least in the absence of an agreement that he shall not share in the fee of the partnership. (*Estate of Parker,* 200 Cal. 132 [251 P. 907, 49 A.L.R. 1025].) However, no such situation is presented here. The uncontradicted evidence is that the two attorneys for the executors, although they have a law office association with the individual executor Schmulowitz, have no partnership arrangement with him, and that he will not participate in the fees these attorneys receive in this estate.

█ The heirs also attack the probate court's allowance of extraordinary fees to the executors and their attorneys. But the amount of additional compensation to be awarded to executors (Prob. Code, § 902) and attorneys (Prob. Code, § 910) is within the sound discretion of the probate court, and will be disturbed on appeal only when it clearly appears to be excessive. (*Estate of King*, 19 Cal.2d 354, 360 [121 P.2d 716].) Here there was contradictory evidence as to the value of the services rendered. The conflicts have been resolved by the probate court.

Decree reversed insofar as it fixes the order of resort to the several legacies for payment of expenses, debts and legacies, with direction to order such charges paid from the one-third of the residue which lapsed by reason of F. P. Gray's predeceasing decedent. In all other respects the judgment is affirmed. Costs are awarded to appellant executors and legatees.

Kaufman, P. J., and Martinelli, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.