[Civ. No. 25424. Second Dist., Div. Three. Mar. 27, 1962.]

ANNE HOUGHTON, Plaintiff and Appellant, v. VERA M. COBERLY et al., Defendants and Respondents.

William L. Mock and Parker, Stanbury, McGee, Peckham & Garrett for Plaintiff and Appellant.

Musick, Peeler & Garrett and Harold F. Collins for Defendants and Respondents.

FORD, J.—This is an appeal from a judgment entered after a general demurrer to the amended complaint had been sustained without leave to amend. The plaintiff and appellant is the assignee of three attorneys, members of a law firm.

Allegations of the first cause of action of the amended complaint which must be considered in the determination of this appeal are as follows: 1. On or about January 26, 1960, the defendants Vera M. Coberly and Clarence J. Coberly employed plaintiff's assignors by oral contract to probate the last will of Etta May Hoag, deceased. The attorneys accepted such employment and thereafter filed in the superior court in Orange County a petition for the probate of the will. Pursuant to that petition the defendants were appointed as the executrix and executor, respectively, of the estate. 2. "It was an implied condition of the employment of plaintiff's assignors that they would be retained as attorneys until the closing of the deceased's estate, so long as their services were efficiently rendered, that they would not be discharged without cause, and that they would receive such fees as are prescribed by statute for ordinary services required, and such fees as might be allowed by the Court for extraordinary services. They were not retained, and did not accept employment, to render partial services and the consideration of their acceptance of the employment was the expectation that they would complete the probate of the estate on the conditions alleged above and be compensated accordingly." 3. On or about February 2, 1960, the defendants notified the attorneys that their services were no longer required. The attorneys did not consent to their discharge, which was without cause,

but they did execute a document by which other attorneys were substituted in their place. 4. At all times after they were employed, plaintiff's assignors were ready, able, qualified and willing to perform legal services in the probate of the estate. 5. The personal property of the estate is of a value in excess of $400,000; the plaintiff is unable to allege the value of the real property. 6. The services of plaintiff's assignors were rendered in an efficient manner. As a result of their discharge, they were deprived of statutory attorneys' fees and of such fees for necessary extraordinary services as would be allowed by the court.

In the second count of the amended complaint, all of the allegations of the first cause of action were incorporated by reference. As a basis for declaratory relief, it was further alleged as follows: "There is an actual controversy between the parties hereto in this: Defendants contend that the claim of plaintiff's assignors lies against the estate of the deceased, and should be presented in the probate proceedings. Plaintiff and her assignors contend that the estate is not liable for the wrongful discharge of attorneys by the executors and that defendants have a personal liability therefor. A declaration of the Court is required to determine this controversy so that the proper forum may be found."

The defendants in their representative capacity had the absolute right to change their attorneys at any stage of the probate proceedings. (See *Echlin* v. *Superior Court*, 13 Cal.2d 368, 372 [90 P.2d 63, 124 A.L.R. 719]; *O'Connell* v. *Superior Court*, 2 Cal.2d 418, 421 [41 P.2d 334, 97 A.L.R. 918]; *Estate of Cazaurang*, 1 Cal.2d 712, 714 [36 P.2d 1069]; *In re Montgomery's Estate*, 272 N.Y. 323 [6 N.E.2d 40; 109 A.L.R. 669, 671].) But the question remains as to the right of the discharged attorneys to seek damages from the defendants personally if the termination of the relationship was due to no fault on the attorneys' part. That problem must be resolved in the light of the nature of that relationship under the present law of this state.

Section 910 of the Probate Code is derived from former section 1619 of the Code of Civil Procedure; section 911 of the Probate Code has its source in former section 1616 of the Code of Civil Procedure.[1] In *Chapman* v. *Pitcher*, 207

[1] Section 910 of the Probate Code is as follows: "Attorneys for executors and administrators shall be allowed out of the estate, as fees for conducting the ordinary probate proceedings, the same amounts as are allowed by the previous article as commissions to executors and admin-

Cal. 63 [276 P. 1008], at page 68, the Supreme Court stated: "Prior to the amendments of sections 1616 and 1619 of the Code of Civil Procedure (Stats. 1905, p. 776; Stats. 1905, p. 727; Stats. 1909, p. 987), the reasonable allowance for legal services was made by the probate court to the executor or administrator and could not be made to the attorney. The attorney employed by an executor or administrator to assist him in the execution of his trust had no claim that he could enforce against the estate either by action or in any other way. He was not a person interested in the estate. The amount of compensation fixed by the contract of the executor of an estate with his attorney for legal services to be rendered in settlement thereof was a matter of personal obligation on the part of the executor, or representative, with which the probate court had no concern. (*Estate of Kruger,* 143 Cal. 141 [76 P. 891].) Volume 11, California Jurisprudence, pages 1187, 1188, 1193, 1194, 1195, contains a full discussion of this question with numerous citations of authority directly holding that prior to the amendment of 1905 attorneys could not assert a demand against the estate of a deceased person, but were limited to their personal action against the executor or other representative of the estate who had employed them. This rule was changed by the amendment above noticed prior to the present transaction to the form in which it now exists by providing that attorney fees 'shall be allowed out of the estate.' (Code Civ. Proc., § 1619.)" (See also *Estate of Pailhe,* 114 Cal.App.2d 658, 665 [251 P.2d 76].)

The effect of the statutory changes on the matter of the personal liability of an executor is noted in *Zagoren v. Superior Court,* 117 Cal.App. 548 [4 P.2d 279], at page 551, as follows: "We are satisfied that since the amendment of sections 1616 and 1619 of the Code of Civil Procedure, in 1905 and 1909 (Stats. 1905, pp. 727 and 776; Stats. 1909, p. 987), an executor or administrator is not personally liable

---

istrators; and such further amount as the court may deem just and reasonable for extraordinary services."

Section 911 of the Probate Code is as follows: "Any attorney who has rendered services to an executor or administrator, at any time after six months from the issuance of letters testamentary or of administration, and upon such notice to the executor or administrator and to the persons interested in the estate as the court or judge thereof shall require, may apply to the court for an allowance upon his fees; and on the hearing the court shall make an order requiring the executor or administrator to pay such attorney out of the estate such compensation, on account of services rendered up to that time, as the court shall deem proper, and such payment shall be made forthwith."

for the payment of attorney's fees in probate matters, but such fees are now proper expenses of administration, payable like other expenses of administration. This conclusion is not only irresistible from a reading of the statutes as amended, but also by the following authorities: *Estate of Kelleher,* 205 Cal. 757 [272 P. 1060, 1063]; *Chapman* v. *Pitcher,* 207 Cal. 63 [276 P. 1008, 1010]. . . .

"In *Estate of Kelleher, supra,* the court said: 'The fees for attorneys' services, being a proper expense of administration are payable like the other expenses of administration, and are *not a personal charge against the executor.'* " (See also *Platnauer* v. *Forni,* 131 Cal.App. 393, 398 [21 P.2d 638].)

The determination that the only recourse of the plaintiff's assignors is to pursue their rights under section 911 of the Probate Code is not affected by plaintiff's allegation that there was an implied condition that the attorneys would be retained to render legal services until the probate proceedings were completed. Such allegation finds support neither in the facts alleged in the amended complaint nor in the applicable law. As stated in *Estate of Johnston,* 47 Cal.2d 265 [303 P.2d 1], at page 272: "It is likewise settled that the fees of administrators, executors, and their attorneys for administering an estate do not arise from contract but are founded upon statutory enactment. (*Gaines* v. *Reutch,* 64 Md. 517 [2 A. 913 at 914].)"

In the second cause of action, the plaintiff asks for declaratory relief as to the matter of whether the claim of her assignors can be prosecuted against the defendants personally in an action at law or whether the attorneys are limited to recourse to the court in the probate proceedings in Orange County. But it is manifest that the disposition of that question has been made in the determination which has been reached as to the first cause of action. Such determination affords to the plaintiff and her assignors the declaration of rights which is sought under the second cause of action. (*Cf. Konecko* v. *Konecko,* 164 Cal.App.2d 249, 253 [330 P.2d 393].)

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.